No. 26-7006

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**BRENT KIDECKEL,**
Plaintiff-Appellant,

v.

**CANADA, ET AL,**
Defendants-Appellees,

On appeal from the United States District Court for the District of Columbia
No. 1:24-cv-2907-CJN (Judge Carl J. Nichols)

**APPELLANT'S MOTION FOR LIMITED REMAND**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JAN 29 2026

RECEIVED

Brent Kideckel
Appellant, Pro Se
PO Box 20901
Floral Park, NY 11002
(917) 634-0637

January 24, 2026

## INTRODUCTION

This motion seeks narrow, procedural relief only. Appellant does not ask this Court to consider new evidence on the merits. Instead, Appellant asks for a limited remand so the district court may finally adjudicate a previously filed, unruled motion seeking leave to lodge an Ontario Superior Court transcript for in-camera review under seal. The transcript bears directly on the procedural integrity of the record relied upon by the district court and on issues now presented on appeal, yet it has never been ruled upon, despite more than a year of docket inactivity. Because the requested remand concerns a discrete, ministerial adjudication—and because the record reflects prolonged docket disengagement—Appellant further requests reassignment for this limited purpose only, without disturbing the remainder of the case.

## PROCEDURAL BACKGROUND

1. Appellant filed a Motion for Leave to Submit Ontario Court Transcript for In-Camera Review Under Seal in the district court (ECF 153). That motion requested only permission to lodge the transcript for confidential judicial review, expressly acknowledging Canadian publication restrictions and seeking no public filing.

2. The district court never ruled on that motion, only declaring it moot with the denial of Appellant's motion for relief under Rule 59(e).

3. The district court subsequently entered a final order dismissing the action, relying in part on characterizations of the Ontario proceedings that the transcript directly contradicts.

4. Appellant timely noticed appeal. The transcript remains outside the record solely because the district court never adjudicated the pending motion.

## THE TRANSCRIPT PRESENTS A NON-COSMETIC RECORD CONTRADICTION

This is not a matter of nuance or interpretation. The Ontario Superior Court's written reasons state that Appellant abandoned a motion to set aside default. The verbatim transcript, however, reflects that the motion was argued for approximately two hours; the court reserved decision; jurisdiction was objected to; and the issues were treated as live and contested. The court explicitly asked the Appellant to state for record if he was arguing the motion to set aside, which was affirmatively responded to with " yes, yes" (Transcript page 14, at line 16.) These are not collateral discrepancies. They go to whether foreign judicial outputs were accurately represented to the U.S. court and whether the district court relied on procedurally incomplete or inaccurate descriptions of the foreign proceedings. It

further raises the question of a predetermined outcome with the court stating he will "publish" the default upon ruling on *both* motions (Transcript page 86, at line 1). Appellant does not ask this Court to resolve that contradiction now. But the contradiction cannot be ignored, and it cannot be addressed on appeal unless the district court first adjudicates the pending motion to lodge.

## LIMITED REMAND IS THE PROPER PROCEDURAL VEHICLE

This Court has authority to order a limited remand where a pending, unadjudicated motion affects the completeness of the record; the appellate court cannot itself consider the materials absent district court action; and the requested relief is procedural, narrow, and efficiency-enhancing. A limited remand would allow the district court to decide whether the transcript may be lodged under seal for in-camera review, and clarify whether and how the transcript bears on the procedural record. The appeal would then proceed on a clean, settled record, without requiring speculation, supplementation disputes, or piecemeal briefing.

## REASSIGNMENT IS WARRANTED FOR THIS DISCRETE TASK

Appellant respectfully submits that reassignment for this limited purpose is appropriate. For more than a year, *no* motions were ruled upon, including the motion at issue to lodge the transcript; a motion for declaratory relief under the SPEECH Act (and others to be addressed on appeal), all which go directly to this

court's de novo review of jurisdiction under FSIA. When Appellant raised record-integrity and conflict concerns, Including a motion to disqualify Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC for laboring under an unwaivable conflict which was tacitly confirmed by Mr. Robinson's partial withdrawal and Notice of Non-Appearance in the Petition for Writ of Mandamus Proceedings before this court (25-7201, Document No.2153195), and further acknowledged in the district court's denial of Plaintiff-Appellant's Rule 59(e) motion, as "immaterial" when correcting the misapprehension of parties in the court's dismissal order of August 12, 2025, the response was not adjudication but sanction-oriented dismissal (*after* using the appropriate procedural vehicle to correct this misapprehension of the record). The unruled transcript motion sits squarely within that pattern of docket disengagement. Reassignment is sought only so that this single procedural motion may be decided promptly and neutrally. Appellant does not seek reassignment of the merits or broader case management. Courts routinely order reassignment on limited remand where doing so preserves confidence in the adjudicative process without impugning the district judge's good faith.

## SEALED PROPOSED APPENDIX

Contemporaneously with this motion, Appellant submits the Ontario transcript as a proposed sealed appendix, for the Court's confidential review solely in connection

with this motion. Appellant does not request merits consideration of these materials at this time and acknowledges that they may not be considered on appeal unless and until the district court grants leave to lodge them.

## CONCLUSION

Appellant respectfully requests that this Court:

1. Order a limited remand directing the district court to adjudicate Appellant's pending Motion to Lodge Ontario Transcript Under Seal (ECF 153);

2. Order reassignment for that discrete task only; and

3. Grant such other relief as the Court deems just and proper.

Dated: January 22, 2026

Respectfully submitted,

Brent R. Kideckel

Pro Se Petitioner

P.O. Box 20901

Floral Park, NY 11002

brentkideckel@gmail.com

(917) 634-0637

# CERTIFICATES

I hereby certify that on this 22nd day of January, 2026, I served a true and correct copy of the foregoing Motion for Limited Remand and all accompanying documents by:

1. First-Class Mail to the following appellees who appear pro se in this proceeding:
   David Kideckel and Dahlia Saibil
   23 Peveril Hill South
   Toronto, Ontario M6C 3A7
   Canada

   Aram Simovonian
   17 Turnberry Lane
   Barrie, Ontario L9J 0M8
   Canada

2. Electronic email to counsel of record for the district court defendants,

   Phillips Lytle LLP, Counsel to City of Toronto and David Wilson
   South Building, 601 Pennsylvania Ave. NW, Suite 900
   Washington, DC 20004
   nmarte@phillipslytle.com

**Certificate of Compliance**

I certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains less than 5,000 words.

I further certify that this motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Brent R. Kideckel
Pro Se Appellant

Case 1:24-cv-02907-CJN    Document 53    Filed 11/04/25    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL
         Plaintiff,
V.

THE FOREIGN NATION OF CANADA, et al.
         Defendants.

CASE NO.:   1:24-cv-02907-CJN

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JAN 29 2026

RECEIVED

## PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT ONTARIO COURT TRANSCRIPT FOR IN-CAMERA REVIEW UNDER SEAL

Plaintiff Brent Kideckel, appearing pro se, respectfully moves for leave to lodge a copy of the transcript from proceedings that entered default judgment before the Ontario Superior Court of Justice for the Court's confidential, in-camera review and placement under seal.

1. The transcript is directly relevant to Plaintiff's pending Rule 59(e) motion and to the Court's understanding of ongoing related foreign proceedings.

2. Plaintiff has not sought or obtained leave from the Ontario court to disseminate or publicly file the transcript. Section 136 of Ontario's *Courts of Justice Act* restricts publication and distribution of court proceedings, and Canadian courts do not provide for open public access comparable to U.S. transparency standards.

3. To avoid violating those restrictions while preserving the ability of this Court to consider a complete record, Plaintiff seeks permission to submit the transcript for the Court's private review only.

4. Plaintiff requests that the transcript be maintained under seal and that access be limited to chambers and court staff. Plaintiff further requests that the transcript not be electronically filed on the public docket.



RECEIVED
NOV 04 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**WHEREFORE**

Plaintiff respectfully requests that the Court:

(a) grant leave to lodge the Ontario transcript for in-camera review;
(b) direct the Clerk to maintain the lodged materials under seal pending further order; and
(c) grant such other relief as the Court deems proper.

Dated: November 4, 2025

Respectfully submitted,

**Brent R. Kideckel**
Pro Se Plaintiff
P.O. Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

**Lewis Baach Kaufmann Middlemiss PLLC**



Jeffrey D. Robinson
202 659 7205
jeffrey.robinson@lbkmlaw.com

December 22, 2025

**VIA U.S. MAIL**

Clifton B. Cislak
United States Court of Appeals, District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue N.W.
Room 5205
Washington, D.C. 20001-2866

Re: *In re: Brent Kideckel*, 25-7201

Dear Mr. Cislak:

    I write in response to your letter dated December 12, 2025, Document #2150144, filed in the above-captioned case. I write to inform the Court that I am not representing Dr. David Kideckel, Ms. Dahlia Saibil, or any other party in this case. Accordingly, I will not be seeking admission to the bar of the Court.

    I continue to represent Dr. Kideckel and Ms. Saibil in the underlying matter in the district court, captioned, *Kideckel v. The Foreign Nation of Canada, et al.*, 1:25-cv-02907-CJN.

Sincerely,

Jeffrey D. Robinson

1050 K Street, NW | Suite 400 | Washington, DC 20001 | t 202 833 8900 | f 202 466 5738
WASHINGTON   NEW YORK   LONDON
lbkmlaw.com