UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRENT KIDECKEL,

    Appellant

    v.                                    No. 26-7006

FOREIGN NATION OF CANADA, et al.,

    Appellees

_____

### TORONTO DEFENDANTS' OPPOSITION TO "APPELLANT'S MOTION FOR LIMITED REMAND"

Appellees the City of Toronto and Detective David Wilson (collectively, the "Toronto Defendants") submit this opposition to "Appellant's Motion for Limited Remand." (Appellant's Motion for Limited Remand, *Kideckel v. Canada*, No. 26-7006 (D.C. Cir. Jan. 24, 2026), Dkt. 2157339).

Appellant moves for a limited remand to the District Court to adjudicate his motion seeking leave to submit an Ontario Court transcript for in-camera review. He also moves for judicial reassignment. Appellant's motion should be denied for several reasons.

First, Appellant's motion was already adjudicated. The District Court ruled Appellant's motion for leave to submit the Ontario Court transcript was moot. (Dist. Ct. Dkt. 157; 158). The District Court thus rejected Appellant's claim that the Ontario Court transcripts bear directly on any material issue. Additionally, judicial economy will not be advanced by granting Appellant's motion; it would simply provide Plaintiff with an opportunity to take a "second bite at the apple." *Cornelio B.V. v. Bisignano*, No. 24-cv-3628,

2025 WL 2970432, at *4 (D.D.C. Oct. 17, 2025) (quoting *United States v. Hunter*, 809 F.3d 677, 680 (D.C. Cir. 2016)).

Appellant has also failed to proffer any viable reason to justify judicial reassignment. He merely argues that the issue for which he seeks remand is discrete and ministerial, and complains that the District Court took too long to resolve his various motions. These arguments fail to meet the high standard for judicial reassignment. *See Maldonado v. District of Columbia*, 61 F.4th 1004, 1007 (D.C. Cir. 2023)) (quoting *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 763 (D.C. Cir. 2014)) (explaining that "reassigning cases is appropriate 'only in the exceedingly rare circumstance that a district judge's conduct is "so extreme as to display clear inability to render fair judgment."'").

Accordingly, for the reasons set forth above, Appellant's motion should be denied.

Dated: Washington, D.C.
February 13, 2026

PHILLIPS LYTLE LLP

By: */s/ Natalia Marte*
Natalia Marte
Attorney for Appellees
*The City of Toronto and David Wilson*
601 Pennsylvania Avenue NW
South Building, Suite 900
Washington, DC 20004
(202) 617-2712
nmarte@phillipslytle.com

## CERTIFICATE OF WORD COUNT

Case No. 26-7006
Case Name: *Brent Kideckel v. Foreign Nation of Canada, et al.*
Document Title: Toronto Defendants' Opposition to "Appellant's Motion for Limited Remand"

---

      Pursuant to the Rules of this Court, I certify that the Toronto Defendants' Opposition to "Appellant's Motion for Limited Remand," which was prepared using Calisto MT 12-point typeface, contains 372 words, excluding the parts of the document that are exempted by the Federal Rules of Appellate Procedure Rule 32(f). This certificate was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

      I declare under penalty of perjury that the foregoing is true and correct. DATED this 13th day of February 2026.

Respectfully submitted,

By: */s/ Natalia Marte*___
Natalia Marte
Attorney for Appellees
*The City of Toronto and David Wilson*
601 Pennsylvania Avenue NW
South Building, Suite 900
Washington, DC 20004
(202) 617-2712
nmarte@phillipslytle.com