ORAL ARGUMENT NOT REQUESTED

No.  26-7006

IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRENT KIDECKEL.,
APPELLANT,

v.

FOREIGN NATION OF CANADA, *et al.*,
APPELLEES.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**APPELLEES' JOINT RESPONSE IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE REQUIRING SWORN DECLARATIONS ADDRESSING AUTHENTICATED FRAUD EVIDENCE, COMPELLING COUNSEL'S DUE DILIGENCE CERTIFICATION, AND FOR EXPEDITED ADJUDICATION**

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27,

Appellees Aram Simovonian ("Mr. Simovonian"), David Kideckel ("D. Kideckel"),

Dahlia Saibil ("Ms. Saibil"), and the City of Toronto and David J. N. Wilson

(separately, "Toronto" and "Detective Wilson"; collectively, the "Toronto

Defendants") jointly oppose the Emergency Motion for an Order to Show Cause

Requiring Sworn Declarations Addressing Authenticated Fraud Evidence,

1

Compelling Counsel's Due Diligence Certification, and for Expedited Adjudication of Appellant Brent Kideckel ("Plaintiff"[1]) (Dkt. 2162806) ("Motion").

Consistent with his prolific motions practice in the District Court, this Motion is Plaintiff's third "substantive" motion in less than two months. *See* Pltf.'s Mot. to Remand Case (Dkt. 2157339); Pltf.'s Mot. for Summ. Rev. (Dkt. 2161496). In this Motion, he seeks two categories of information: (1) discovery related to the allegedly fake text messages that form the basis for Plaintiff's original Complaint; and (2) discovery related to service of the complaint in the Ontario case initiated by D. Kideckel against Plaintiff, including the May 27, 2024 service email and sworn statements in Mr. Simovonian's affidavit of service concerning the same. *See* Appellees' Comb. Opp. to Mot. for Summ. Rev. and Mot. for Summ. Affirm. at 4, 16, 19 (Dkt. 2162796) ("Combined Opposition and Motion"). This second category of discovery spurred most of Plaintiff's numerous motions seeking disqualification of counsel and sanctions against counsel and Appellees ("Sanctions and Disqualification Motions"). No grounds exist to grant an order compelling either category—on an emergency basis or otherwise—and Appellees respectfully request that the Motion be denied.

---

[1] To avoid confusion, Appellant Brent Kideckel will be referred to as "Plaintiff" and Appellee David Kideckel will be referred to as "D. Kideckel."

**ARGUMENT**

## I.     PLAINTIFF HAS NOT ESTABLISHED THAT ANY OF THE REQUISITE FACTORS JUSTIFY EMERGENCY RELIEF.

D.C. Circuit Rule 27(e) provides that "[a]ny party may request expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would ordinarily be required for this court to receive and consider a response." D.C. Cir. R. 27(e). A motion for emergency relief

> must specifically discuss four factors: (1) the likelihood that the moving party will prevail on the merits; (2) the prospect of irreparable injury to the moving party if relief is withheld; (3) the possibility of substantial harm to other parties if relief is granted; and (4) the public interest.

D.C. Cir. Handbook of Practice and Internal Procedures § VIII(A) (December 4, 2025) (citing *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977); *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921 (D.C. Cir. 1958)).

Plaintiff has not demonstrated—or even attempted to demonstrate—that any of these four factors warrant emergency action. In fact, not only did Plaintiff fail to "communicate the request [for expedited action] and the reasons therefor in person or by telephone to the clerk's office and to opposing counsel[,]" he has failed to establish the key element needed to justify emergency relief: irreparable harm. D.C. Cir. R. 27(e). By Plaintiff's own admission, there is no "imminent irreparable harm." *See* Pltf.'s Mot. at 1. Plaintiff's disagreement with the fact that Appellees have filed

3

a motion seeking summary affirmance of the District Court's final orders consistent with the deadline set forth in this Court's Order (Dkt. 2155835) does not create a right for expedited adjudication under D.C. Circuit Rule 27(e). Plaintiff's request for emergency consideration must be denied.

## II.    PLAINTIFF'S REQUEST FOR DISCOVERY ORDERS SHOULD BE DENIED.

In addition to failing to meet the standard required to justify expedited action, Plaintiff's Motion attempts to obtain inappropriate relief from this Court and should be denied for several reasons.

*First*, Plaintiff seeks various discovery-related orders, incorrectly styled as "orders to show cause," requiring Mr. Simovonian, D. Kideckel, and Mr. Simovonian's counsel to submit declarations regarding the facts underlying Plaintiff's Complaint and his various Sanctions and Disqualification Motions. However, courts of appeals are courts of limited jurisdiction and have "jurisdiction of appeals from all final decisions of the district courts of the United States…" 28 U.S.C. § 1291. This limited jurisdiction does not extend to issuing discovery orders. Instead, "[a] motion to compel discovery is committed to the discretion of the trial court, and [the Court of Appeals'] function on appeal is solely to determine whether the trial court abused its discretion in entering the challenged order." *Zerilli v. Smith*, 656 F.2d 705, 710 (D.C. Cir. 1981) (citations omitted). Nothing in the Federal Rules of Appellate Procedure or the D.C. Circuit Rules authorizes discovery on appeal.

*See, e.g.*, *Pacious v. Nat'l Aeronautics & Space Admin.*, 469 F. App'x 874, 876 (Fed. Cir. 2012) (denying motions to compel while the appeal was pending because "there is no right to discovery on appeal") (citing *United States v. Hicks*, 278 F. App'x 976 (11th Cir. 2008) (denying motions to compel because neither the Federal Rules of Criminal Procedure nor Federal Rules of Appellate Procedure allow for discovery at the appellate stage)). Because the relief sought—an order compelling discovery from multiple Appellees and counsel—exceeds this Court's jurisdiction, Plaintiff's Motion must be denied on that basis alone.

*Second,* even if, for sake of argument only, a discovery order was within this Court's jurisdiction, the information sought is unnecessary because it concerns issues that are either not before this Court on appeal or are otherwise irrelevant to the Court's review of the District Court's final orders.

Any issues related to the allegedly fake text messages are not before this Court. The District Court did not reach the merits of Plaintiff's Complaint regarding the text messages following its dismissal for lack of subject matter jurisdiction. Without jurisdiction, the Court correctly concluded it had no authority to decide the merits of the underlying claims. *See Popkin v. Burwell*, 172 F. Supp. 3d 161, 168 (D.D.C. 2016) (holding that "[i]f a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action") (citing Fed. R. Civ. P. 12(h)(3)). Thus, any discovery related to the validity of the text messages has no

5

impact on this Court's review, and Plaintiff's misguided attempt to circumvent the District Court's lack of subject matter jurisdiction should be disregarded.

Regarding the second category of discovery sought by this Motion (*i.e.*, information related to Mr. Simovonian's affidavit of service in the Ontario case), this Court's role is limited to determining whether the District Court abused its discretion by denying Plaintiff's Sanctions and Disqualification Motions. *See Hall v. Clinton,* 285 F.3d 74, 79 (D.C. Cir. 2002) (holding that a district court's denial of a motion to disqualify counsel is reviewed for abuse of discretion); *Geller v. Randi,* 40 F.3d 1300, 1303 (D.C. Cir. 1994) (holding that abuse of discretion standard applies to district court's imposition of Rule 11 sanctions); *Manion v. Am. Airlines, Inc.,* 395 F.3d 428, 432 (D.C. Cir. 2004) (holding that abuse of discretion standard applies to district court's imposition of 28 U.S.C. § 1927 sanctions); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55 (1991) (holding that abuse of discretion standard applies to district court's imposition of sanctions per its inherent power). As detailed in Appellees' Combined Opposition and Motion, the District Court did not abuse its discretion in denying Plaintiff's motions (*see* Appellees' Comb. Opp. and Mot. at 14-22), and additional discovery related to the foreign affidavit of service is not relevant on appeal.

Plaintiff seeks from this Court the exact same relief he sought from the District Court, repeatedly, in numerous filings.[2] These "patently meritless" and "cartoonishly frivolous" claims are precisely what led the District Court to deny Plaintiff's motions and impose monetary and injunctive sanctions against him for multiple Rule 11 violations. *See* Appellees' Comb. Opp. and Mot., Ex. A at 2, 9, Ex. D at 8-9. The mere fact that Plaintiff now seeks relief on an emergency basis when, ***by his own admission***, there is no emergency, underscores the frivolousness of this duplicative Motion. Plaintiff's inappropriate attempts to relitigate in this Court matters that have already been considered and decided—by the Ontario Superior Court of Justice, Court of Appeal for Ontario, and D.C. District Court—should be rejected.

Not only did the District Court appropriately deny Plaintiff's Sanctions and Disqualification Motions as meritless, but the information Plaintiff seeks is already

---

[2] *See, e.g*., Plaintiff's Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing [Dkt. 66] (seeking limited expedited discovery concerning, *inter alia*, Mr. Simovonian's allegedly false affidavit); Plaintiff's Notice Regarding Rule 56(c)(4), Ethical Certification, and the Status of Prior Filings by Conflicted Counsel [Dkt. 77] (requesting that Mr. Simovonian's counsel be ordered to submit a declaration certifying that Mr. Simovonian's allegedly false affidavit attached to his motion to dismiss complied with Federal Rule of Civil Procedure 11); Plaintiff's Motion for Targeted Discovery Into Fraudulent Declarations and MTD Exhibits [Dkt. 81] (requesting an order compelling discovery into Mr. Simovonian's allegedly false affidavit, the email concerning service of the complaint in the Ontario case, and the allegedly fraudulent text messages detailed in the Complaint); and Plaintiff's Motion to Compel Certification or Disavowal by George Breen and Epstein Becker & Green, P.C. [Dkt. 132] (requesting an order compelling Mr. Simovonian's counsel to certify whether the exhibits to Mr. Simovonian's motion to dismiss complied with Rule 11).

in his possession. Mr. Simovonian has provided (and Plaintiff has attached to his filings) "a sworn declaration under penalty of perjury" (Mot. at 9) regarding email service of the complaint in D. Kideckel's Ontario case against Plaintiff. *See* Appellees' Comb. Opp. and Mot., Ex. G at 2. Mr. Simovonian also provided a copy of the May 27, 2024 service email, which was attached to his original service affidavit in the Ontario case but was notably excluded from Plaintiff's multiple filings attaching the same affidavit. *Compare id*. at 5, *with* Mot. at 16. The existence of the service email was also addressed in multiple District Court filings. *See, e.g*., Dkt. 82 at 20-22; Dkt. 111 at 3-7.

Thus, the District Court had before it all of Plaintiff's allegations, purported evidence,[3] and arguments and determined that Plaintiff had simply alleged that Mr. Simovonian's affidavit contained falsehoods "without any explanation." Appellees' Comb. Opp. and Mot., Ex. A at 7. The District Court also determined that Plaintiff had failed to demonstrate how alleged conduct in foreign proceedings warranted disqualification of counsel and sanctions against counsel and Appellees in the instant case, which was the only remaining issue before the Court following its dismissal

---

[3] The "evidence" before the District Court also included Plaintiff's unauthenticated, redacted, and altered Google Takeout record. *See* Dkt. 152-1 at 11-12 (attaching the Google Takeout record as an exhibit); Appellees' Comb. Opp. and Mot., Ex. A at 1 (referencing Dkt. 152). Contrary to Plaintiff's arguments, this record has not been properly authenticated by a custodian or qualified witness and does not substantiate his claims.

for lack of subject matter jurisdiction. *See id*. at 5, 7. The information sought by this Motion did not and does not impact the District Court's subject matter jurisdiction and will not aid this Court in assessing whether the District Court abused its discretion by denying Plaintiff's Sanctions and Disqualification Motions.

*Third*, the information Plaintiff seeks from Mr. Simovonian's counsel—a declaration testifying as to his investigation and actions taken in this case to defend his client—is both irrelevant for the same reasons discussed above and protected from discovery by the attorney-client privilege and attorney work product doctrine. *See Fed. Trade Comm'n v. Boehringer Ingelheim Pharms., Inc.,* 180 F. Supp. 3d 1, 16, 18 (D.D.C. 2016), *aff'd,* 892 F.3d 1264 (D.C. Cir. 2018) (citations omitted) (holding that "[t]he attorney-client privilege protects confidential communications between clients and their attorneys made for the purpose of securing legal advice or services" and the work-product doctrine protects from discovery documents that reveal an attorney's mental impressions, conclusions, opinions, legal theories, or factual materials prepared in anticipation of litigation); *Clemmons v. Acad. for Educ. Dev.,* 300 F.R.D. 6, 7-8 (D.D.C. 2013) (collecting cases) (holding that the work-product doctrine protects from disclosure "information relevant to the evolution of an affidavit, including but not limited to communications with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit"). Notably, Plaintiff requested a

9

similar order from the District Court, which was correctly denied. *See* Appellees'
Comb. Opp. and Mot., Ex. A at 7 (denying Dkt. 132).

In addition, Plaintiff has offered no valid authority for his requested relief.
Plaintiff's reliance on *Chambers v. NASCO*, 501 U.S. 32 (1991) as support for his
argument that federal appellate courts have inherent power to compel "counsel to
certify the basis for representations made to the tribunal" is misplaced. Mot. at 6.
*Chambers* concerned a district court's inherent power to impose sanctions, including
attorneys' fees, for bad faith conduct and multiple Rule 11 violations. *Chambers*,
501 U.S. at 32-33. Although this Court similarly has the power to impose sanctions
against a party who files a frivolous appeal or fails to comply with the federal and
local rules during appellate proceedings, nothing in *Chambers* provides for
discovery—from either a party or counsel—on appeal. *See* Fed. R. App. P. 38; D.C.
Cir. Rule 38; 28 U.S.C. § 1912 (concerning courts of appeals' authority to impose
sanctions for conduct during appellate proceedings). Accordingly, the Motion
should be denied.

## III.  PLAINTIFF HAS NOT ESTABLISHED THAT ANY OF THE REQUISITE FACTORS JUSTIFY A STAY OF APPELLEES' DISPOSITIVE MOTION.

The four factors required to justify emergency relief (*see*, Section I, *supra*, at
3) are also required to warrant a motion to stay proceedings. *See Educ. Assistance
Found. for Descendants of Hungarian Immigrants in Performing Arts, Inc. v. United*

*States*, 111 F. Supp. 3d 34, 45 (D.D.C. 2015). For the same reasons Plaintiff has failed to establish emergency relief is warranted, Plaintiff's request for a stay should similarly be denied.

While admitting that there is no basis for his own dispositive motion (*see* Mot. at 8), Plaintiff makes a groundless request that this Court stay any ruling on Plaintiff's and Appellees' dispositive motions until the discovery he seeks is produced. *See id*. at 10. Plaintiff has not demonstrated—nor can he—any of the requisite factors justify a stay. Indeed, each of the factors supports denying Plaintiff's Motion. First, there is no likelihood Plaintiff will prevail on the merits. As detailed above, an order compelling the information sought exceeds this Court's jurisdiction, and the information is either wholly irrelevant to this Court's review of the District Court's final orders or is protected from disclosure by the attorney-client privilege and attorney work product doctrine. Further, there is no prospect of irreparable injury if the relief is withheld, by Plaintiff's own admission. *See* Mot. at 1. Indeed, it is Appellees who have been forced to expend considerable time and resources defending against Plaintiff's meritless claims and motions practice since October 2024 and who will be severely prejudiced if relief is granted and summary disposition is delayed. For all these reasons, Plaintiff's request for a stay should be denied.

11

## CONCLUSION

Plaintiff's Motion seeks expedited, discovery-like relief that is not only inappropriate for an appellate court, but it is anchored to collateral factual issues that are not necessary to resolve Appellees' motion seeking affirmance of the District Court's final orders. Accordingly, this Court should deny Plaintiff's Motion in its entirety and proceed to adjudicate Appellees' pending Motion for Summary Affirmance based on the existing record before the Court.

Dated: March 20, 2026

Respectfully submitted,

*/s/ George B. Breen*
George B. Breen
Elizabeth A. Harris
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
EHarris@ebglaw.com

*Attorneys for Appellee Aram Simovonian*

*/s/ Elizabeth M. Velez (with consent)*
Elizabeth M. Velez
Annika B. Conrad
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

13

Annika.Conrad@lbkmlaw.com

*Attorneys for Appellees David Kideckel and Dahlia Saibil*

*/s/ Natalia Marte (with consent)*
Natalia Marte
PHILLIPS LYTLE LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
Telephone: (202) 617-2712
Facsimile: (202) 617-2799
NMarte@phillipslytle.com

*Attorney for Appellees The City of Toronto and David Wilson*

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(a)(2)(B) and 27(d) and D.C. Circuit Rule 27(c) because it contains 2,615 words (excluding items excepted under Federal Rule of Appellate Procedure 32(f)) according to the count of Microsoft Word and is printed in Times New Roman 14-point font.

*/s/ George B. Breen*
George B. Breen
*Attorney for Appellee Aram Simovonian*