ORAL ARGUMENT NOT REQUESTED

No. 26-7006

IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRENT KIDECKEL.,
APPELLANT,

v.

FOREIGN NATION OF CANADA, *et al.*,
APPELLEES.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**APPELLEES' COMBINED JOINT REPLY IN SUPPORT OF MOTION
FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27,

Appellees Aram Simovonian ("Mr. Simovonian"), David Kideckel ("D. Kideckel"),

Dahlia Saibil ("Ms. Saibil"), and the City of Toronto and David J. N. Wilson

(separately, "Toronto" and "Detective Wilson"; collectively, the "Toronto

Defendants") jointly submit this Reply in Support of Motion for Summary

Affirmance and in response to the Opposition to Appellees' Motion for Summary

Affirmance of Appellant Brent Kideckel ("Plaintiff") (Dkt. 2163625)

("Opposition"). Plaintiff's Opposition, which fails to refute Appellees' arguments

1

that summary affirmance of the District Court's Final Orders is appropriate, only

further demonstrates that his appeal lacks merit.

## ARGUMENT

### I.      PLAINTIFF ERRONEOUSLY ARGUES THAT *DE NOVO* STANDARD OF REVIEW APPLIES.

Without citing any authority, Plaintiff broadly claims that "[e]very question

in this appeal is reviewed de novo." Opp. at 10. This is wrong. Other than the District

Court's dismissal of the original Complaint for lack of subject matter jurisdiction,

all other issues are reviewed for abuse of discretion. *See* Appellees' Comb. Opp. and

Mot. at 8-9. Simply because Plaintiff argues that *de novo* review applies does not

make it so, and Plaintiff's arguments must be disregarded.

### II.     THE ORDER DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE AFFIRMED.

Plaintiff has conceded by not addressing Appellees' arguments that the

District Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and that the

Foreign Sovereign Immunities Act ("FSIA") bars suit against Toronto, and has

therefore "forfeited any challenge to th[ese] bas[es] for dismissal." *Hooli v.

Mitcham*, No. 25-7006, 2026 WL 206882, at *1 (D.C. Cir. Jan. 27, 2026) (citing

*United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004)

(holding that "[o]rdinarily, arguments that parties do not make on appeal are deemed

to have been waived."). Instead, Plaintiff raises two new jurisdictional theories: first,

that the original Complaint alleges RICO predicate acts even if "it did not formally

invoke [18 U.S.C.] § 1962[,]" and second, that Detective Wilson does not have foreign-official immunity. Opp. at 11, 25. Neither of these arguments has merit.

### A. **The District Court Correctly Dismissed Plaintiff's Claims for Lack of Jurisdiction Under § 1331.**

Although more liberal pleading standards apply to *pro se* litigants, a district court appropriately dismisses a *pro se* complaint that fails to "set forth any elements for any actionable claims under either the federal statutes he references or any other conceivably relevant federal statutes." *Williams v. Holiday Inn Washington, DC on the Hill*, 295 F. Supp. 2d 27, 29 (D.D.C. 2003).

To plead a RICO violation, the plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Son Ly v. Solin, Inc.,* 910 F. Supp. 2d 22, 26-27 (D.D.C. 2012) (citations and internal quotations omitted); *see also Taitz v. Obama*, 707 F. Supp. 2d 1, 6 (D.D.C. 2010). To establish a "pattern of racketeering activity[,]" the plaintiff must plead "at least two related predicate acts punishable under certain enumerated criminal statutes" that "are both related and continuous." *Eastern Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 12 (D.D.C. 2014) (citations omitted). When the conduct alleged against a defendant is "a single scheme, single injury, and few victims," then it is "virtually impossible for plaintiffs to state a RICO claim." *Id.* (citing *Edmondson & Gallagher v. Alban Towers Tenants Assoc.,* 48 F.3d 1260, 1265 (D.C. Cir. 1995)).

In support of his argument, Plaintiff references a "RICO predicate chart" containing ambiguous assertions. *See* Opp. at 11. According to the chart, the predicate acts alleged in the original Complaint included: (1) D. Kideckel allegedly sending "fabricated texts…across U.S.-Canada border to Mrs. Burton, employers, and family" and "[m]anufactur[ing] arrest warrant and Ontario suit predicate"; (2) Mr. Simovonian sending a "[f]raudulent cease-and-desist letter on Scalzi Caplan letterhead"; and (3) Detective Wilson making an "[i]nterstate telephone call…to Plaintiff in the United States falsely stating he would be arrested anywhere in Canada" when the "[w]arrant [was] in fact confined to 80km zone."[1] *Id.* at 20-21.

Plaintiff purports to argue that based on these alleged facts and his sixteen causes of action, none of which arise under federal law, the District Court should have assumed that Plaintiff ***intended*** to plead a RICO violation despite never citing the statute or pleading any of the requisite elements. Even with liberal *pro se* pleading standards, these allegations do not demonstrate a pattern of activity sufficient to support a RICO claim. They are, in fact, precisely what *Edmonson* cautioned would not suffice: one alleged "victim" (Plaintiff) [*see* Appellees' Comb. Opp. and Mot., Ex. B], who claims to have suffered harm from activities stemming from one event (*i.e.*, D. Kideckel sending allegedly fake text "messages purporting

---

[1] Allegations about the warrant's scope and conversation details were not made below and are waived on appeal. *See United States ex rel. Oliver v. Philip Morris USA Inc.*, 763 F.3d 36, 44 (D.C. Cir. 2014).

to be from Plaintiff") [*see id.* at 3, 18, 35], and one resulting injury to Plaintiff requiring damages [*id.* at 56]. This is not a "pattern" of criminal acts by any interpretation.

Even if Plaintiff had attempted to plead a RICO claim in his original Complaint based on the alleged facts, the District Court would still have correctly dismissed it as not colorable because such allegations are "patently insubstantial" and "immaterial and made solely for the purpose of obtaining jurisdiction." *Son Ly*, 910 F. Supp. 2d at 28 (citations and internal quotations omitted) (dismissing "conclusory allegations of racketeering" that "do not present a federal question for this Courts' decision"). Thus, the District Court's dismissal for lack of Section 1331 jurisdiction should be affirmed.

### B. The District Court Correctly Dismissed Plaintiff's Claims for Lack of Jurisdiction Under § 1330(a).

Plaintiff's vague arguments about alleged "failures" that purportedly "strip Wilson of immunity" do not affect the District Court's conclusions concerning Detective Wilson.

There is no basis for Plaintiff's argument that Detective Wilson loses immunity because Plaintiff believes the Ontario arrest warrant was "premised on fabricated evidence" (Opp. at 25), and Plaintiff's reliance on *Samantar v. Yousuf*, 560 U.S. 305 (2010) is misplaced. *Samantar* concerned whether FSIA's definition of "foreign state" applied to an individual foreign official, and the Court specifically

declined to consider whether the foreign official petitioner was entitled to common law immunity. *Id.* at 325-26. Newly alleged facts about the Canadian arrest warrant's scope, Detective Wilson's phone call to Plaintiff, or statements during Ontario court proceedings are considered waived (*see*, *supra*, Section II(A), at 4 n. 1) and also have no impact on the fact that Detective Wilson was acting from Canada in his official capacity as a Toronto employee. Nothing in the Opposition refutes Appellees' arguments, and summary affirmance is appropriate.

## III. THE ORDERS DENYING PLAINTIFF'S SANCTIONS AND DISQUALIFICATION MOTIONS AND MOTION TO ALTER OR AMEND JUDGMENT SHOULD BE AFFIRMED.

In his Opposition, Plaintiff incorrectly argues that the conflict of interest created by Jeffrey Robinson's brief joint representation of Mr. Simovonian and D. Kideckel has been "conceded by conduct." Opp. at 9, 11-12. He also broadly accuses Appellees and counsel of committing "[f]raud on the court" while rehashing the laundry list of alleged "ethical failures" from his frivolous Sanctions and Disqualification Motions. *Id.* at 13-19. Both arguments are baseless. Neither Mr. Robinson's "non-appearance before this Court" nor anything else in Plaintiff's Opposition establishes that the District Court abused its discretion in denying Plaintiff's Sanctions and Disqualification Motions.

Further, Plaintiff's only argument regarding the District Court's denial of his motion to alter or amend the judgment similarly focuses on Mr. Robinson's brief

representation of D. Kideckel and Mr. Simovonian and the District Court's alleged

error in misinterpreting the conflict as arising from the joint representation of D.

Kideckel and Ms. Saibil. The Opposition fails to substantively respond to Appellees'

arguments or demonstrate how ***any*** joint representation created a conflict, let alone

a conflict that justified disqualification. *See Johnson v. Panetta*, 953 F. Supp. 2d

244, 250 (D.D.C. 2013) (holding that "perfunctory and undeveloped arguments, and

arguments that are unsupported by pertinent authority, are deemed waived").

Plaintiff does not even mention Rule 60(b) in his Opposition, waiving any challenges

to the District Court's denial on that basis. *See Totten*, 380 F.3d at 497.

Accordingly, the Court's orders denying these motions should be affirmed.

## IV.    THE ORDER DENYING PLAINTIFF LEAVE TO AMEND THE COMPLAINT SHOULD BE AFFIRMED.

In a misguided attempt to establish that he should have been granted leave to

amend his complaint, Plaintiff argues: (1) his proposed supplemental complaint [*see*

Appellees' Comb. Opp. and Mot., Ex. H at 10-137], which was attached to his

combined cross-motion for leave to supplement complaint and opposition to Mr.

Simovonian's motion to dismiss, alleged RICO claims and invoked the Court's

jurisdiction under Section 1331; (2) he should have been granted leave to file his

proposed First Amended Complaint ("FAC") [*id*. at Ex. E at 49-98] under 28 U.S.C.

§ 1653 because RICO predicate acts were alleged in the original Complaint; and (3)

"the injunctive relief section" of his proposed FAC "implicitly invoked" the

SPEECH Act, providing an independent basis for jurisdiction. *See* Opp. at 6, 11, 23-24. None of these arguments are valid.

*First*, as Appellees argued in their Combined Opposition and Motion, Plaintiff's proposed supplemental complaint referenced "RICO" in the title of one of his alleged counts but did not actually plead the elements of a RICO claim, reference the statute, or plead any other federal cause of action. *See* Appellees' Comb. Opp. and Mot. at 24-25. Instead, Plaintiff alleged only unsupported, conclusory statements (*e.g.*, "Defendants agreed to act unlawfully and took overt acts to retaliate against Plaintiff" and "Plaintiff suffered direct harm") that do not satisfy pleading standards. *Id.*, Ex. H at 17-18. Nothing in Plaintiff's Opposition establishes that summary affirmance should not be granted.

*Second*, for the same reasons argued above (*see* Section II(A), *supra*, at 3-5), the original Complaint did not allege RICO violations or any facts that could be construed as RICO violations. Because the District Court appropriately concluded that it did not have subject matter jurisdiction, and Plaintiff's "proposed amendment aims to create jurisdiction where none existed before" [*see* Appellees' Comb. Opp. and Mot., Ex. D at 4], Section 1653 was inapplicable. *See Johnson v. Panetta,* 953 F. Supp. 2d 244, 248 (D.D.C. 2013) (holding that under Section 1653, a plaintiff can amend a complaint to "correct defective jurisdictional allegations, ***if jurisdiction actually existed at the time he filed the complaint***") (emphasis added); *see also*

*Wash. Tennis & Educ. Found., Inc. v. Clark Nexsen, Inc*., 270 F. Supp. 3d 158, 166 (D.D.C. 2017) ("[e]ven under Rule 15's generous standard…a court cannot grant leave to amend a complaint over which it has no jurisdiction"); *Newman-Green, Inc. v. Alfonzo-Larrain, et al.*, 490 U.S. 826, 831 (1989) (holding that Section 1653 does not permit amendment when subject matter jurisdiction does not exist).

Lack of jurisdiction aside, the District Court correctly concluded that denial of leave to amend was nevertheless appropriate because the proposed FAC was futile and Plaintiff's RICO and 42 U.S.C. § 1985(2) allegations "'are simply not colorable and do not present a federal question for this Court's decision.'" Appellees' Comb. Opp. and Mot., Ex. D at 4 (quoting *Son Ly*, 910 F. Supp. 2d at 28). Contrary to Plaintiff's arguments that the Court improperly "conduct[ed] a merits review" by finding the proposed FAC futile (Opp. at 12-13), district courts may, in exercising their discretion, deny leave to amend on any valid ground, including that the proposed amendment would not survive a motion to dismiss or "cure the deficiencies of the original complaint, namely lack of subject matter jurisdiction." *See Nat'l Wrestling Coaches Ass'n v. U.S. Dep't of Educ*., 263 F. Supp. 2d 82, 103-104 (D.D.C. 2003), *aff'd sub nom. Nat'l Wrestling Coaches Ass'n v. Dep't of Educ*., 366 F.3d 930 (D.C. Cir. 2004) (citations and internal quotations omitted). Thus, the Court's conclusion that Plaintiff's proposed FAC was futile was appropriate.

In addition, both Plaintiff's proposed FAC and the additional predicate acts alleged in his Opposition, which concern events that occurred after he filed his Complaint, fail to invoke the Court's jurisdiction. These alleged acts attempt to equate lawyers engaging in routine litigation practices and representing their clients to an organized criminal enterprise. *See, e.g.,* Opp. at 21-23 (arguing that: Mr. Simovonian representing D. Kideckel in the Ontario cases amounts to obstruction, wire fraud, and witness intimidation; Mr. Robinson and his firm filing a motion to dismiss on behalf of their then-client is wire fraud; Toronto Defendants' counsel responding to Plaintiff's motions despite a "fraudulent record" is mail fraud; and counsels' "refusal to certify or disavow fraudulent filings" is obstruction). These cannot form the basis of a racketeering claim. *See Eastern Sav. Bank,* 31 F. Supp. 3d at 13-14 (finding that activities "directly related to ongoing, non-frivolous litigation" cannot form the basis of a RICO claim "as a matter of law"). Plaintiff's claims in the proposed FAC that counsel's litigation conduct was a "sham" and "fraudulent" (*see* Appellees' Comb. Opp. and Mot., Ex. E at 49-98) similarly do not support an actionable RICO cause of action. *See id.* at 13 (holding that even "[a]busive or sham litigation" that "create[s] a reasonable fear of harm on the part of the plaintiff" does not "constitute a RICO predicate act") (internal citations and quotes omitted).

*Third*, Plaintiff's argument that the FAC "implicitly invoked the SPEECH Act" fares no better. Appellees' Combined Opposition and Motion does not mention the SPEECH Act, 28 U.S.C. § 4102, *et seq.*, because neither Plaintiff's Complaint, proposed supplemental complaint, nor proposed FAC seek relief under—or even mention—the SPEECH Act. Although a "United States person"[2] can seek a declaratory judgment (not injunctive relief, as Plaintiff requests) per Section 4104 under certain circumstances, a SPEECH Act claim based on the ***presumption*** that a party will seek to enforce a foreign defamation judgment in the United States does not create a federal question or sustain subject matter jurisdiction. *See Handshoe v. Perret*, 270 F. Supp. 3d 915, 934 (S.D. Miss. 2017) (dismissing declaratory judgment request as premature because defendants had not sought to enforce a foreign judgment in the United States). Plaintiff has not demonstrated that any Appellee has sought to enforce the July 25, 2025 Ontario judgment, which had not even been issued when Plaintiff filed his original Complaint. Therefore, Plaintiff's further attempt to create jurisdiction where none existed based on post-Complaint activity must be rejected, and his premature request for injunctive relief in the proposed FAC (*see* Appellees' Comb. Opp. and Mot., Ex. E at 97) fails to invoke

---

[2] None of Plaintiff's pleadings demonstrates that he qualifies as a "United States person" for purposes of Section 4101(6). *See* Appellees' Comb. Opp. and Mot., Ex. B at 5, 9, 10; Ex. E at 52; Ex. H at 10, 12.

11

Section 1331 jurisdiction. Accordingly, the District Court's denial of Plaintiff's request for leave to amend his complaint should be affirmed.

## V. THE ORDER IMPOSING INJUNCTIVE AND MONETARY SANCTIONS ON PLAINTIFF SHOULD BE AFFIRMED.

Plaintiff's vague and unsupported argument that "[n]othing in the sanctioned filings was frivolous" fails to meaningfully refute the District Court's findings or any of Appellees' arguments. None of the "evidence" Plaintiff references (*e.g.*, Mr. Robinson's declination to enter an appearance in this Court or Toronto Defendants' former counsel's withdrawal from the case after he left his firm for unrelated reasons) warrants a different result.

## CONCLUSION

Accordingly, this Court should summarily affirm the District Court's August 12, 2025 and January 16, 2026 Orders.

Dated: March 23, 2026

Respectfully submitted,

*/s/ George B. Breen*
George B. Breen
Elizabeth A. Harris
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
EHarris@ebglaw.com

*Attorneys for Appellee Aram Simovonian*

12

*/s/ Elizabeth M. Velez (with consent)*
Elizabeth M. Velez
Annika B. Conrad
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com
Annika.Conrad@lbkmlaw.com

*Attorneys for Appellees David Kideckel and Dahlia Saibil*


*/s/ Natalia Marte (with consent)*
Natalia Marte
PHILLIPS LYTLE LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
Telephone: (202) 617-2712
Facsimile: (202) 617-2799
NMarte@phillipslytle.com

*Attorney for Appellees The City of Toronto and David Wilson*

13

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(a)(2)(B) and 27(d) and D.C. Circuit Rule 27(c) because it contains 2,593 words (excluding items excepted under Federal Rules of Appellate Procedure 32(f)) according to the count of Microsoft Word and is printed in Times New Roman 14-point font.

*/s/ George B. Breen*
George B. Breen
*Attorney for Appellee Aram Simovonian*