ORAL ARGUMENT NOT REQUESTED

No.  26-7006

IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRENT KIDECKEL.,
APPELLANT,

v.

FOREIGN NATION OF CANADA, *et al.*,
APPELLEES.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**APPELLEES' JOINT RESPONSE IN OPPOSITION TO APPELLANT'S
MOTION TO SUPPLEMENT THE RECORD**

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27, Appellees Aram Simovonian ("Mr. Simovonian"), David Kideckel ("D. Kideckel"), Dahlia Saibil ("Ms. Saibil"), and the City of Toronto and David J. N. Wilson (separately, "Toronto" and "Detective Wilson"; collectively, the "Toronto Defendants") jointly oppose the Motion to Supplement the Record in Support of Motion for Summary Vacatur of Appellant Brent Kideckel ("Plaintiff") (Dkt. 2165005) ("Motion").

1

In another misguided effort that conflates the roles of the District Court and this Court, the Motion seeks to supplement Plaintiff's Motion for Summary Vacatur (Dkt. 2161496) with non-party evidence that is irrelevant to this Court's review of the District Court's final orders. As with Plaintiff's other motions currently pending before this Court, there is no basis for the requested relief, and Appellees respectfully request that the Motion be denied.

## ARGUMENT

Plaintiff's Motion, which purports to seek relief pursuant to Federal Rule of Appellate Procedure 28(j) and D.C. Circuit Rule 28(f),[1] asks this Court to consider four pieces of "new evidence" in connection with his Motion for Summary Vacatur. As an initial matter, the plain language of Rule 28(j) makes clear that it applies to **briefs** filed pursuant to Rule 28, not to **motions** filed pursuant to Rule 27, and is therefore inapplicable in this context. The Motion also does not comply with either the 350-word limit or letter format set forth in Rule 28(j). Procedure aside, the Motion also fails to comply with the purpose of Rule 28(j) and seeks relief that is

---

[1] Plaintiff appears to mistakenly cite to "D.C. Circuit Rule 28(j)" (Mot. at 2), which does not exist. Federal Rule of Appellate Procedure 28(j) provides that a party may submit a 350-word letter to the circuit clerk regarding "pertinent and significant authorities [that] come to a party's attention after the party's brief has been filed" and that "state[s] the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally." Fed. R. App. P. 28(j). The D.C. counterpart, D.C. Circuit Rule 28(f), refers to Rule 28(j). *See* D.C. Cir. R. 28(f).

both outside of this Court's jurisdiction and irrelevant to the issues before this Court. For these reasons, the Motion should be denied.

*First*, even if Rule 28(j) applied to Rule 27 motions, Plaintiff misuses the Rule to raise additional arguments that could have been raised (although still improper and irrelevant, as detailed below) in his Motion for Summary Vacatur. Rule 28(j) explicitly refers to "pertinent and significant ***authorities***" and not to new evidence, issues, or legal arguments. Fed. R. App. P. 28(j). Appellate courts appropriately decline to consider supplemental briefs that are "not properly before the court" because they "raise[ ] new issues and arguments not stated in [the party's] original brief" and that are "wholly unrelated to the" issues on appeal. *Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm'n*, 838 F.2d 536, 550 (D.C. Cir. 1988); *see also Williams v. Romarm, SA*, 756 F. 3d 777, 787 (D.C. Cir. 2014) ("the 28(j) process should not be employed as a second opportunity to brief an issue not raised in the initial briefs" and is "more appropriately used to cite new authorities released after briefing is complete or after argument but before issuance of the court's opinion").

Here, Plaintiff does not attempt to present the Court with newly released legal authorities that support his Motion for Summary Vacatur arguments, but instead seeks to supplement the record with additional evidence and arguments. This alone warrants denial.

3

Further, contrary to Plaintiff's assertion that "[t]he evidence post-dates the completion of briefing and could not have been submitted earlier" (Mot. at 2), Plaintiff's own filing demonstrates that the materials with which he attempts to supplement the record were available before he filed his Motion for Summary Vacatur on February 28, 2026. According to the Motion, Exhibit 2 was captured on February 22, 2026 and Exhibit 4 consists of an email that was sent on February 23, 2026. *See* Mot. at 2. Even though the screenshots contained in Exhibits 1 and 3 were allegedly "captured" after February 28, Plaintiff claims that Exhibit 4 served as the notice of fraud to Mr. Simovonian's counsel and "invited correction before placement on this Court's docket." *Id*. at 3. If Plaintiff believed "fraud" was apparent as of February 23, he could have attempted to supplement the appellate record through proper procedures before he filed on February 28. Plaintiff's misapplication of Rule 28(j) to make additional, unsupported arguments about alleged ethical violations should be disregarded.

*Second*, Plaintiff's Motion is his second attempt to move for inappropriate and irrelevant relief that exceeds this Court's jurisdiction. *See* Appellees' Opp. to Emerg. Mot. at 4-5 (Dkt. 2164804). Appellate courts are not factfinders, and their review is based solely on the already existing record before it. *See Goland v. Central Intelligence Agency*, 607 F.2d 339, 370-71 (D.C. Cir. 1978); *see also Klayman v. Porter*, No. 23-7144, 2024 WL 4763756, at *3 (D.C. Cir. Nov. 13, 2024) (quoting

*United States v. West*, 392 F.3d 450, 455 n.2 (D.C. Cir. 2004)) (declining to consider new materials that "'were not part of the record before the [district] court' when it denied" the motion on review before the appellate court); Fed. R. App. P. 10(a) (defining the "record on appeal" as consisting of only "original papers and exhibits filed in the district court[,]" transcripts of district court proceedings, and "a certified copy of the docket entries prepared by the district clerk"). An appellate court "cannot receive new evidence from the parties, determine where the truth actually lies, and base its decision on that determination." *Goland*, 607 F.2d at 371. Instead, "[f]actfinding and the creation of a record are the functions of the district court[,]" and therefore, "the consideration of newly-discovered evidence is a matter for the district court." *Id.* Because Plaintiff inappropriately requests that this Court do precisely what *Goland* makes clear is outside of its review, his Motion must be denied.

Even if, for sake of argument, this evidence was properly before this Court, it still would not support Plaintiff's argument that either summary reversal or judicial reassignment are warranted. Plaintiff claims—without any support—that this new evidence further establishes that "the district court record was contaminated" and shows "ongoing fraudulent professional misrepresentation." Mot. at 6-7. But he fails to demonstrate how the Ontario Business Registry records and Canadian-based law firm profile screenshots concerning non-parties to this litigation are false, how the

5

addition of contact information to a law firm profile constitutes fraud (*see id.* at 5), or how this purported evidence triggers any ethical obligations on behalf of Mr. Simovonian's counsel of record in the United States. Plaintiff's claims draw erroneous conclusions based on non-authenticated screenshots of foreign business registry and online records without drawing any possible link between a foreign non-party's representations about his employment status and any issue before this Court. This alleged evidence is wholly irrelevant to this Court's review of the District Court's dismissal of Plaintiff's claims for lack of subject matter jurisdiction and denial of Plaintiff's motions seeking leave to amend the Complaint, disqualification of counsel, and sanctions against Appellees and their counsel.

*Third*, Plaintiff has not demonstrated how this new evidence justifies judicial reassignment on remand. His only argument in support of reassignment is that the evidence is "directly relevant to whether [Mr. Simovonian's counsel] can be trusted to discharge" their ethical obligations under D.C. Rules of Professional Conduct 3.3 and 5.1 on remand. Mot. at 8. His argument is unclear and does not relate whatsoever to judicial conduct or the District Court Judge's ability to render a fair judgment. *See Maldonado v. District of Columbia,* 61 F.4th 1004, 1007 (D.C. Cir. 2023) (reassignment granted "in the exceedingly rare circumstances that a district judge's conduct is so extreme as to display clear inability to render fair judgment") (internal citation omitted). To the extent Plaintiff is attempting to claim that evidence about a

6

non-party Canadian attorney further supports his sanctions and disqualification motions as to Mr. Simovonian's counsel, Plaintiff's argument suffers from the same flaw that led to the District Court's order denying his motions: Plaintiff has failed to demonstrate how the unrelated alleged actions of a non-party in Canada "would warrant sanctions here." Appellees' Comb. Opp. and Mot., Ex. A at 7. Therefore, the Motion is entirely meritless.

## CONCLUSION

Accordingly, this Court should deny Plaintiff's Motion and proceed to adjudicate Appellees' pending Motion for Summary Affirmance based on the existing record before the Court.

Dated: April 1, 2026

Respectfully submitted,

*/s/ George B. Breen*

George B. Breen
Elizabeth A. Harris
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
EHarris@ebglaw.com

*Attorneys for Appellee Aram Simovonian*

*/s/ Elizabeth M. Velez (with consent)*

Elizabeth M. Velez
Annika B. Conrad

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com
Annika.Conrad@lbkmlaw.com

*Attorneys for Appellees David
Kideckel and Dahlia Saibil*


*/s/ Natalia Marte (with consent)*
Natalia Marte
PHILLIPS LYTLE LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
Telephone: (202) 617-2712
Facsimile: (202) 617-2799
NMarte@phillipslytle.com

*Attorney for Appellees The City
of Toronto and David Wilson*

8

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(a)(2)(B) and 27(d) and D.C. Circuit Rule 27(c) because it contains 1,428 words (excluding items excepted under Federal Rule of Appellate Procedure 32(f)) according to the count of Microsoft Word and is printed in Times New Roman 14-point font.

*/s/ George B. Breen*
George B. Breen
*Attorney for Appellee Aram Simovonian*