# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

**No. 26-7006**                                  **September Term, 2025**

**1:24-cv-02907-CJN**

**Filed On:** June 11, 2026

Brent Kideckel,

        Appellant

     v.

Foreign Nation of Canada, et al.,

        Appellees

**BEFORE:**    Millett, Wilkins, and Katsas, Circuit Judges

## O R D E R

Upon consideration of the motion to remand, which includes a request for judicial reassignment, the response thereto, and the reply, which includes a request for judicial notice; the motion to supplement the record, the response thereto, and the reply; the motion for an order to show cause, the response thereto, and the reply; the motion for summary reversal, which includes a request for judicial reassignment, the response thereto, and the reply; and the motion for summary affirmance, the response thereto, and the reply, it is

**ORDERED** that the motions to remand, to supplement the record, and for an order to show cause be denied. Appellant has not shown a valid basis for this court to order the relief he seeks or that the materials he seeks to include in the record before this court relate to the orders challenged in this appeal. Insofar as appellant asks this court to take judicial notice of certain court records, he fails to show that the records are relevant to the disposition of this appeal. See Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009). And, insofar as appellant requests that this court order sanctions, disqualification, and criminal referrals, he fails to show that any such relief is warranted. It is

**FURTHER ORDERED**, on the court's own motion, that the appeal be dismissed without prejudice to the extent that appellant seeks review of the portion of the district court's order entered January 16, 2026, sanctioning him under Federal Rule of Civil Procedure 11. Because the district court has not yet determined the amount of attorneys' fees to be awarded, the order imposing sanctions is not final or appealable, and this court therefore lacks jurisdiction over that portion of the appeal. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1118 (D.C. Cir. 2000); Gilda Marx, Inc. v.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-7006**                                    **September Term, 2025**

_____

Wildwood Exercise, Inc., 85 F.3d 675, 677 (D.C. Cir. 1996).  The court further declines to exercise its pendent appellate jurisdiction to review the order imposing sanctions at this time.  See Gilda Marx, 85 F.3d at 678-79.  It is

**FURTHER ORDERED** that, as to the district court's order entered August 12, 2025, and the remainder of the order entered January 16, 2026, the motion for summary reversal be denied and the motion for summary affirmance be granted.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly concluded that appellant's claims against the City of Toronto are barred by foreign sovereign immunity, see 28 U.S.C. §§ 1603(a), 1604; Schubarth v. Fed. Republic of Germany, 891 F.3d 392, 398 (D.C. Cir. 2018), and that his claims against appellee Wilson are barred by foreign-official immunity, see Lewis v. Mutond, 918 F.3d 142, 145-46 (D.C. Cir. 2019).  Appellant contends that certain "independent failures strip Wilson of immunity," but he has forfeited this argument by failing to raise it in the district court.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (citation and internal marks omitted)); Scenic Am., Inc. v. U.S. Dep't of Transp., 836 F.3d 42, 53 n.4 (D.C. Cir. 2016) (noting that party can forfeit claim that court possesses jurisdiction).

As to appellant's remaining claims, the district court correctly concluded that it lacked federal question or diversity jurisdiction.  See 28 U.S.C. §§ 1331, 1332(a); D.C. Ass'n of Chartered Pub. Schs. v. District of Columbia, 930 F.3d 487, 491 (D.C. Cir. 2019) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted." (citation omitted)); Saadeh v. Farouki, 107 F.3d 52, 58 (D.C. Cir. 1997) (explaining that under the "longstanding rule of complete diversity," the judicial power of the United States does not extend to actions "brought by one alien against another alien, without a citizen of a state on either side of the litigation"). Appellant suggests, for the first time on appeal, that the complaint impliedly stated a RICO claim, but he has forfeited this argument by not raising it in the district court.  See Keepseagle, 856 F.3d at 1053; Scenic Am., 836 F.3d at 53 n.4.  Appellant also contends that the district court erred by failing to rule on his motion for leave to file a supplemental complaint before dismissing the case, but he has not shown that his proposed supplemental complaint would have established a basis for jurisdiction.  See 28 U.S.C. § 2111 (providing that appellate courts must disregard "errors or defects which do not affect the substantial rights of the parties").  Nor has appellant shown that the district court erred by not considering issues or transcripts pertaining to Ontario court proceedings.

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 26-7006**                              **September Term, 2025**

The district court did not abuse its discretion in denying appellant's motion to alter or amend judgment.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Accordingly, this court need not consider whether the district court properly denied appellant leave to file an amended complaint.  See id.  In any event, the district court did not err in concluding that appellant's proposed amended complaint was futile.  See Williams v. Lew, 819 F.3d 466, 471 (D.C. Cir. 2016) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." (citation omitted)).

Finally, the district court did not abuse its discretion in denying appellant's motions for sanctions and disqualification and motion for relief from those denials.  See United States v. Wallace, 964 F.2d 1214, 1217 (D.C. Cir. 1992) (reviewing decision to impose sanctions for abuse of discretion); Hall v. Clinton, 285 F.3d 74, 79 (D.C. Cir. 2002) (reviewing denial of motion to disqualify counsel for abuse of discretion); Firestone, 76 F.3d at 1208.  It is

**FURTHER ORDERED** that the requests for judicial reassignment on remand be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**