ORAL ARGUMENT NOT PERMITTED

No. 26-7006

IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

BRENT KIDECKEL,

*Plaintiff-Appellant,*

v.

FOREIGN NATION OF CANADA, *et al*.,

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the District of Columbia
No. 1:24-cv-02907-CJN

---

# APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

Brent Kideckel

Appellant, Self-Represented

P.O. Box 20901 | Floral Park, NY 11002

brentkideckel@gmail.com | (917) 634-0637

June 16, 2026

# TABLE OF CONTENTS


Table of Authorities .......... 2

Introduction .......... 4

Statement of Reasons for Granting Rehearing En Banc .......... 5

Argument

I. Firestone Conflict with This Court's Own April 7 Order .......... 7

II. RICO Forfeiture Incorrect on the Record .......... 9

III. SPEECH Act Futility and Transcript Excluded at Both Levels; Akazaki Reasons Contradict Certified Transcript .......... 11

IV. Fraud on the Tribunal: Hazel-Atlas Glass Bars the Relevance Ruling .......... 12

V. Wilson Forfeiture Circular — Three Grounds Raised Below .......... 13

VI. Hypothetical Jurisdiction: Steel Co. Violated at Both Levels .......... 14

VII. One-Sided Cross-Motions; Reassignment; Joint Defense Severance .......... 15

VIII. Preservation: Pre-Filing Injunction .......... 18

Conclusion .......... 19

Certificate of Compliance .......... 22

Certificate of Service .......... 23

Addendum A — Certificate of Parties; Rule 26.1 Disclosure .......... 24

Addendum B — Laatiris Per Curiam, No. 25-7184 (Apr. 7, 2026) .......... 26

Addendum C — Record Verification Table .......... 28

Addendum D — June 11, 2026 Per Curiam Order .......... 30

# TABLE OF AUTHORITIES

## CASES

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .......................................................... 4

*Attias v. CareFirst, Inc.*, 865 F.3d 620 (D.C. Cir. 2017) .................................................... 2

*Brown v. Whole Foods Market Group, Inc.*, 789 F.3d 146 (D.C. Cir. 2015) ...................... 9

*Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004) ................................................................ 3

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ............................................. 17

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) ....................................... 3

*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) ...................................................... 7, 8

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................................. 5, 18

*Frigard v. United States*, 862 F.2d 201 (9th Cir. 1988) ..................................................... 5, 16

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) ................................ 12, 13

*Hilton v. Guyot*, 159 U.S. 113 (1895) .................................................................................. 9

*Keepseagle v. Perdue*, 856 F.3d 1039 (D.C. Cir. 2017) ...................................................... 7

*Laatiris v. Banque Centrale Populaire et al.*, No. 25-7184, Doc. #2167370
(D.C. Cir. Apr. 7, 2026) (Add. B) ........................................................... ... 5, 6, 9

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) .......................................... 4, 8

*Rodriguez de Quijas v. Shearson/Am. Express Inc.*, 490 U.S. 477 (1989) ......................... 3

*Samantar v. Yousuf*, 560 U.S. 305 (2010) ............................................................................ 7

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) .................................. 5, 14

*Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294 (D.C. Cir. 1987) ............................... 9

*Thompson v. United States*, 795 F. App'x 15 (2d Cir. 2019) (non-precedential) ................ 10

*Travaglio v. American Express Co.*, 735 F.3d 1266 (11th Cir. 2013) ................................ 8

*Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885 (5th Cir. 2000) ........ 5

## STATUTES AND RULES

18 U.S.C. §§ 1961–1968 (RICO) ........................................................................................ 4

28 U.S.C. § 1331 .................................................................................................................... 4

28 U.S.C. § 1332 .................... 4
28 U.S.C. § 1653 .................... 1, 3
28 U.S.C. § 2111 .................... 3
28 U.S.C. §§ 4101–4105 (SPEECH Act) .................... 1, 5, 6
Fed. R. App. P. 40(b)(1) .................... 1
Fed. R. App. P. 40(b)(2)(A)–(D) .................... 1
Fed. R. Civ. P. 15(a) .................... 3
Fed. R. Civ. P. 59(e) .................... 2, 3

## INTRODUCTION

Sixty-five days before the June 11, 2026 per curiam order, two members of this panel — Judges Wilkins and Katsas — signed *Laatiris v. Banque Centrale Populaire et al.*, No. 25-7184, Doc. #2167370 (D.C. Cir. Apr. 7, 2026), holding that *Firestone*'s heightened standard applied because the dismissal below was with prejudice — the word "therefore" making the causal condition explicit: dismissed with prejudice, and *was therefore required* to satisfy Rule 59(e)'s more stringent standard. The June 11 order applied *Firestone* to a dismissal for lack of subject matter jurisdiction, which is without prejudice as a matter of law. The condition the April 7 order established is absent. The June 11 order stated: "Accordingly, this court need not consider whether the district court properly denied appellant leave to file an amended complaint." That word makes the causal link explicit: applying *Firestone* without the April 7 condition caused 28 U.S.C. § 1653 and *Newman-Green* — the statutory framework governing amendment of jurisdictional defects — never to reach the page.

Appellant petitions for panel rehearing and rehearing en banc under Fed. R. App. P. 40. En banc consideration is disfavored under Rule 40(b)(1) and Appellant recognizes that threshold. This petition is filed because it must be filed contemporaneously with the panel rehearing petition, and because the record satisfies all four grounds under Rule 40(b)(2)(A) through (D) simultaneously. The *Laatiris* conflict alone satisfies Rule 40(b)(2)(A). The remaining grounds — Supreme Court conflict, circuit conflict, and exceptional importance — each

stand independently. A verification table demonstrating the district court record that contradicts the panel's forfeiture and futility findings appears at Addendum C.

## STATEMENT OF REASONS FOR GRANTING REHEARING EN BANC

This petition satisfies Fed. R. App. P. 40(b)(2)(A), (B), (C), and (D).

**Rule 40(b)(2)(A) — Conflict with a Decision of This Court.** Sixty-five days before the June 11 order, two members of this panel (Wilkins and Katsas, JJ.) decided *Laatiris v. Banque Centrale Populaire et al.*, No. 25-7184, Doc. #2167370 (D.C. Cir. Apr. 7, 2026) (Add. B), where *Firestone*'s heightened bar applied explicitly because the underlying dismissal was **with prejudice**. The conditional language — "dismissed it with prejudice and **was therefore** required" — established the causal prerequisite. The June 11 order applied *Firestone* to a without-prejudice SMJ dismissal. The result is a dual standard: *Firestone* simultaneously requires and does not require a with-prejudice dismissal.

**Rule 40(b)(2)(B) — Conflict with Supreme Court Decisions.** *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) expressly authorizes courts of appeals to permit amendment of defective jurisdictional allegations rather than dismissing the appeal. The June 11 order bypassed that authority entirely: after applying *Firestone*, the order stated "Accordingly, this

court need not consider whether the district court properly denied appellant leave to file an amended complaint." That sequence — *Firestone* applied, amendment question foreclosed by "Accordingly" — is the precise displacement of *Newman-Green* the Supreme Court did not authorize. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) (lower courts may not anticipatorily overrule or displace Supreme Court precedent). *Foman v. Davis*, 371 U.S. 178, 182 (1962) establishes the liberal amendment standard; applying *Firestone*'s extraordinary-circumstances threshold — designed to protect merits finality — to a without-prejudice SMJ dismissal that adjudicated no merits nullifies *Foman*'s command. And 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" — a congressional directive no court-made finality doctrine can displace. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) bars the merits findings that followed: a court simultaneously disclaiming SMJ and validating a 12(b)(6) futility standard conducted exactly the evaluation *Steel Co.* forbids.

**Rule 40(b)(2)(C) — Conflict with Other Circuits.** The Ninth Circuit established the baseline rule: "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). *Frigard* permits a with-prejudice SMJ dismissal only where "the bar of sovereign immunity is absolute" and no other court has power to hear

the case — an exception inapplicable where 28 U.S.C. § 1653 provides the amendment vehicle. The Fifth Circuit held that 28 U.S.C. § 1653 is the proper tool for post-dismissal amendment to cure jurisdictional defects and that Rule 15(a)'s liberal standard — not a heightened post-judgment threshold — governs; a district court's power to authorize amendments under § 1653 is not stripped by entry of a dismissal order. *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885 (5th Cir. 2000). The Second Circuit, in the pro se context, applied Rule 15(a)'s liberal standard — not *Firestone*'s extraordinary-circumstances threshold — following a Rule 12(b)(1) dismissal. *Thompson v. United States*, 795 F. App'x 15 (2d Cir. 2019) (non-precedential). The June 11 order conflicts with both published authorities.

**Rule 40(b)(2)(D) — Exceptional Importance.** Whether *Firestone* applies to without-prejudice SMJ dismissals governs every amendment motion in this Circuit following jurisdictional dismissal. Applying it here nullifies § 1653's statutory right. The record further demonstrates why en banc resolution is necessary rather than merely appropriate: this documented record did not produce engagement with § 1653 and *Newman-Green*, the question will not resolve through ordinary process. A published, authoritative resolution is warranted.

## ARGUMENT

# I. THE PANEL APPLIED FIRESTONE IN DIRECT CONFLICT WITH ITS OWN APRIL 7, 2026 ORDER.

## A. The April 7 Order Establishes the Condition Absent Here.

Two members of this panel (Wilkins and Katsas, JJ.) joined *Laatiris v. Banque Centrale Populaire et al.*, No. 25-7184, Doc. #2167370 (D.C. Cir. Apr. 7, 2026) (Add. B), holding:

> "Appellant sought to amend his complaint after the district court dismissed it **with prejudice** and **was therefore** required to 'first satisfy Rule 59(e)'s more stringent standard.'"

(Emphasis added) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

The causal construction — "dismissed it with prejudice and **was therefore** required" — establishes that *Firestone*'s heightened standard applies because the dismissal was with prejudice. Here the district court dismissed for lack of subject matter jurisdiction. A dismissal for lack of SMJ is without prejudice as a matter of law. *See Attias v. CareFirst, Inc.*, 865 F.3d 620 (D.C. Cir. 2017). The condition the April 7 order established is absent.

## B. The Correct Standard Is Rule 15(a), Newman-Green, and 28 U.S.C. § 1653.

Rule 59(e) exists to protect the finality of adjudications on the merits. A without-prejudice SMJ dismissal adjudicates nothing on the merits. Applying Rule 59(e)'s extraordinary-circumstances threshold to bar amendment of jurisdictional allegations inverts the rule's purpose and extinguishes the statutory right Congress enacted in 28 U.S.C. § 1653 to permit exactly this kind of amendment. A court-made finality doctrine cannot nullify a congressional mandate. Under *Rodriguez de Quijas v. Shearson/Am. Express Inc.*, 490 U.S. 477, 484 (1989), a lower court cannot apply its own precedent to defeat directly applicable Supreme Court authority. *Newman-Green*, 490 U.S. at 832 and § 1653 together establish the statutory right. *Firestone* cannot extinguish it. *See also Ciralsky v. CIA*, 355 F.3d 661, 674 (D.C. Cir. 2004); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

**C. The "In Any Event" Futility Finding Does Not Cure the Error.**

Appellees twice conceded the core factual predicate occurred. A futility finding contradicted by the opposing party's own concessions cannot stand. The SPEECH Act claim was never analyzed (Argument III). If both *Firestone* and the futility finding are independently in error, 28 U.S.C. § 2111 harmless error does not apply.

## II. THE RICO FORFEITURE FINDING IS WRONG ON THE RECORD AND APPLIES THE WRONG FRAMEWORK.

The June 11 order states: "Appellant suggests, for the first time on appeal, that the complaint impliedly stated a RICO claim." ECF 69 — filed in the district court before dismissal — explicitly labeled a cause of action "Civil Conspiracy–RICO." This is not implication; it is an express designation made before the district court, not for the first time on appeal. Appellees themselves acknowledged in circuit briefing that Appellant labeled a cause of action RICO. ECF 157, the denial of the amendment motion, also references RICO. The "first time on appeal" finding is factually wrong on this record under any reading. Under this Circuit's totality rule for pro se litigants, *Brown v. Whole Foods Market Group, Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015), the totality — ECF 69's RICO label, the FAC's four RICO counts, and the RICO predicate chart — is irreconcilable with first-time-on-appeal presentation.

But the deeper error is structural. The first-raised-on-appeal forfeiture doctrine prevents sandbagging — parties raising new merits arguments at the appellate level that were never presented below. It has no application here because what Appellant sought was not reversal of a merits ruling on RICO. What Appellant sought was leave to amend under 28 U.S.C. § 1653 to cure defective jurisdictional allegations supporting RICO claims already in the complaint. The question § 1653 asks is not whether an argument was raised below — it is whether the jurisdictional defect can be cured. Applying first-raised-on-appeal forfeiture to a § 1653 amendment request compounds the *Firestone* error: it stacks a merits-litigation doctrine on top of an inapplicable

post-judgment standard to foreclose a statutory amendment right that operates independently of both.

## III. THE SPEECH ACT FUTILITY FINDING AND LIMITED REMAND DENIAL ARE CONTRADICTORY; THE TRANSCRIPT WAS EXCLUDED AT BOTH LEVELS AND DIRECTLY CONTRADICTS THE AKAZAKI REASONS.

The FAC at paragraph 270(a) requests injunctive relief under 28 U.S.C. § 4104. The SPEECH Act's due process threshold under § 4102(a)(2) is a statutory floor, not a merits question. Line 41 of the Ontario default judgment constitutes a prior restraint on speech — per se actionable under the SPEECH Act. Calling this claim futile without analyzing § 4102(a)(2) is indefensible as a matter of law. Moreover, these are merits determinations made by a court that simultaneously disclaimed jurisdiction: *Steel Co.*'s bar on hypothetical jurisdiction applies here too.

The limited remand denial and the futility finding cannot coexist. The motion at issue was brought in the Ontario Superior Court of Justice to set aside a default judgment. At the June 19, 2025 hearing, Appellant opened by stating he had amended the motion because it was rooted in fraud and was there to argue it. At page 14 of the certified transcript, when the Court asked for a yes or no answer, Appellant answered "Yes. Yes." — confirming he was arguing the motion. Both parties made full submissions. At page 86, Justice Akazaki reserved on both motions. Critically, when Appellant was asked during the

hearing whether he knew he could challenge the affidavit of service, he answered no — directly establishing the due process deficiency the SPEECH Act addresses. Transcript p. 18: Appellant stated "I did not know that I could cross-examine the affiant" — establishing the due process deficiency the SPEECH Act addresses under § 4102(a)(2). Additionally: Transcript p. 2 (motion amended, not withdrawn); p. 14 (Yes. Yes.); p. 86 (reserved on both motions).

Justice Akazaki's written reasons (2025 ONSC 4338) state the motion was "abandoned" and "withdrawn" at ¶¶5, 8, 9, 26, and 29. Every characterization is directly contradicted by the certified transcript. Justice Akazaki acknowledged in ¶39 that he knew the transcript would be placed before this Court — while writing reasons that contradict it. Appellant argued the transcript's relevance in circuit briefing at Document #2161496 (Feb. 28, 2026) pp. 14–15 and Document #2163625 (Mar. 15, 2026). The circuit found the transcript "not relevant to disposition" then found the SPEECH Act claim futile. That sequence is not a futility determination. It is circular: the document establishing the due process violation was excluded at both levels — mooted below (ECF 153), denied above (limited remand). A claim cannot be found futile on a record from which the key evidence was systematically excluded.

## IV. FRAUD ON THE TRIBUNAL IS INDEPENDENTLY DISPOSITIVE: HAZEL-ATLAS GLASS BARS THE RELEVANCE RULING.

The supplemental evidence documented two streams of fraud on the tribunal. First, Appellees' counsel Breen made a material misstatement in circuit briefing on March 9, 2026, conceded on the record April 1, 2026 — a documented Rule 3.3 candor violation in proceedings before this Court. The motion to supplement the record documenting this candor violation and the client fraud was improperly denied: it was evidence of (1) a conceded misstatement by Breen in briefing directly before this Court, and (2) the fraudulent professional representation of Caplan — Simovonian's former employer — as a senior partner. Both constitute fraud on the tribunal.

Second, ECF 68 — filed by Robinson after his withdrawal, constituting unauthorized practice of law — contains a perjured affidavit contradicted by ECF 152-1 (Google Takeout server-side records). The Google Takeout records are authenticated and uncontested. No competing sworn evidence has been filed at any level.

The June 11 order found this evidence "not relevant to the disposition." Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244–46 (1944), courts possess an inherent and un-waivable power to address fraud on the tribunal that no relevance determination can defeat. The relevance ruling is irreconcilable with *Hazel-Atlas Glass*.

## V. THE WILSON FORFEITURE FINDING IS CIRCULAR — THREE GROUNDS WERE RAISED BELOW (SEE ADDENDUM C).

**Ground One — False Representation of Warrant Scope.** Wilson called Appellant in the United States on February 27, 2024 representing he would be arrested anywhere in Canada. The warrant was confined to an 80-kilometer radius. This ground was raised and argued below.

**Ground Two — False Predicate Affidavit.** The warrant was procured through a materially false affidavit. Appellees twice conceded the underlying predicate was fabricated. A void warrant cannot be executed within official capacity. *See Samantar v. Yousuf*, 560 U.S. 305, 325 (2010).

**Ground Three — Transcript Contradiction.** ECF 153 filed before denial of amendment to lodge the Ontario transcript showing David Kideckel's statement that he never expected Appellant to return — directly contradicting the warrant's threat premise. The district court mooted ECF 153 simultaneously with its denial of leave to amend — not with the dismissal itself. A court cannot find an argument forfeited after eliminating the mechanism for preserving it. *See Keepseagle v. Perdue*, 856 F.3d 1039, 1053 (D.C. Cir. 2017).

The forfeiture finding for the Wilson immunity argument is independently defective for the same structural reason identified in Argument II: Appellees challenged only Ground One as first raised; the June 11 order applied forfeiture to all three grounds without such basis. And first-raised-on-appeal forfeiture governs withheld merits arguments — not § 1653 amendment requests.

## VI. THE FUTILITY FINDING RESTS ON HYPOTHETICAL JURISDICTION CONDEMNED BY STEEL CO.

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) specifically condemned "hypothetical jurisdiction." The district court found RICO "not colorable" (incorrectly, given the authenticated uncontested evidence), imposed sanctions it characterized as warranted by frivolousness, and entered a pre-filing injunction while simultaneously disclaiming subject matter jurisdiction. The June 11 order ratified those findings. A court that lacks SMJ is constitutionally powerless to declare a claim non-colorable, find allegations frivolous, or impose sanctions.

The "frivolous" label is additionally wrong on the merits the court could not reach. The opposite of frivolous on this record is fraud. Google Takeout server-side records (ECF 152-1) — authenticated, third-party, uncontested — show no delivery event corresponding to the sworn service affidavit that is the foundation of the Ontario default judgment. No competing sworn evidence has been filed at any level. A court sanctioning a litigant for pursuing claims grounded in authenticated evidence of fabrication has not found frivolousness. It has sanctioned the identification of fraud. The *Steel Co*. violation runs at both levels. *See also Travaglio v. American Express Co*., 735 F.3d 1266, 1268–69 (11th Cir. 2013).

## VII. ONE-SIDED ADJUDICATION OF CROSS-MOTIONS; REASSIGNMENT NOT MOOT; JOINT DEFENSE SEVERANCE

**VALIDATES ETHICAL TOXICITY.**

**A. The Summary Track Engaged Only One Side of Cross-Summary Motions.**

Appellant's motion for summary vacatur presented six independent de novo grounds: (1) § 1653/Newman-Green circularity; (2) *Steel Co*. structural impossibility; (3) wrong-parties DQ analysis — Robinson's dual representation of David Kideckel and Simovonian was never analyzed; (4) *Cooter & Gell* — sanctions premised on admitted judicial frustration; (5) frivolousness finding without jurisdiction; and (6) *Hilton v. Guyot*, 159 U.S. 113 (1895) — foreign written reasons credited without reliability assessment. The June 11 order granted Appellees' summary affirmance motion, denied Appellant's vacatur motion, and mentioned it once — to deny reassignment. Not one of the six de novo grounds was engaged on its merits. *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) requires clarity of the merits before summary action. That standard cannot be met where six independent constitutional and statutory grounds for reversal were presented and none addressed.

**B. Reassignment Is Not Moot.**

Reassignment cannot be mooted by a summary affirmance of a jurisdictional dismissal when the underlying DQ was decided on the wrong parties. ECF 145 at 6 analyzed David Kideckel and Dahlia Saibil — a married

couple against whom no conflict was alleged. The conflict actually presented was Robinson's simultaneous representation of David Kideckel (default judgment beneficiary) and Aram Simovonian (the perjured fraud affiant) — directly adverse interests. That conflict was never analyzed. The supplement to record motion, which documented this error alongside the conceded Rule 3.3 candor violation, was improperly denied. The June 11 order mooted reassignment rather than denying it on the merits. It is not moot: sanctions remain open below without due process, ECF 166 (recusal) is pending, and a judge who analyzed the wrong parties cannot be presumed neutral on the correct conflict on remand.

**C. DQ and Criminal Referrals Were Warranted.**

The record before the district court included: a threatening text message warning Appellant to "watch himself" in connection with Simovonian's termination from Scalzi Caplan LLP (ECF 103); Simovonian's September 6, 2025 email stating "I will argue for jail time" (ECF 152); and extortion communications (ECF 66). These constitute wire fraud, mail fraud, extortion, and witness intimidation — RICO predicates the district court sanctioned Appellant for raising rather than analyzing. A referral to the U.S. Attorney's Office for the District of Columbia was warranted on this record. Sanctioning the party who documented these communications rather than examining them is not a neutral Rule 11 inquiry.

**D. Joint Defense Severance Validates Ethical Toxicity.**

Following the court's 10(e) conversion of a 28(j) letter, Glasgow appeared eighteen hours after the joint brief, severing the joint representation mid-appeal. A joint defense that fractures immediately upon substantive judicial intervention validates the structural concern that produced the DQ motions. The ethical toxicity Appellant identified was not manufactured — it produced a mid-appeal severance that neither the district court nor the panel examined.

## VIII. PRE-FILING INJUNCTION: PREDETERMINATION, SHIFTED OSC, NO DUE PROCESS.

The pre-filing injunction requires independent vacatur on three grounds. First, this case proceeded on summary track — Appellant waived nothing; the track forecloses the claim that any argument was forfeited. Second, the OSC basis shifted without notice. The original OSC issued on one ground. The sanctions order characterized Appellant's motion practice as frivolous — a finding premised on the court's erroneous conflict analysis and its refusal to correct it. The order then shifted to *Chambers v. NASCO*, a ground absent from the original OSC. No amended OSC issued; no due process notice of the shifted basis preceded the order. Third, and most fundamentally: the word "frivolous" appears in the opening sentence of ECF 145 at 1 — before a single claim was analyzed, before any filing was identified as sanctionable, before the legal standard was applied. That is predetermination, not the objective filing-by-filing analysis *Cooter & Gell*, 496 U.S. at 393, requires.

These same predetermination facts apply independently to the reassignment analysis in Argument VII. A judge who announced the case frivolous before completing the analysis, acted on admitted judicial frustration, and sanctioned Appellant for motion practice arising from a conflict the court analyzed on the wrong parties cannot approach the remand as an open question. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Microsoft Corp. v. United States*, 253 F.3d 34, 115 (D.C. Cir. 2001).

The sanctions appeal was dismissed without prejudice. Appellant preserves all challenges for the second appeal when the district court determines the fee amount.

## CONCLUSION

Panel rehearing is warranted because two members of this panel established the condition for *Firestone*'s application sixty-five days earlier than the June 11 order — a condition absent here. Applying *Firestone*'s post-judgment standard to a without-prejudice SMJ dismissal displaced 28 U.S.C. § 1653 and *Newman-Green* — the statutory and Supreme Court framework governing amendment of jurisdictional defects — without engaging either. *Firestone*'s extraordinary-circumstances threshold protects the finality of merits adjudications. There is no merits adjudication to protect after a without-prejudice SMJ dismissal.

En banc rehearing is warranted on each of the four Rule 40(b)(2) grounds independently. The *Laatiris* conflict is a question of circuit uniformity that cannot be resolved at the panel level. The conflict with *Newman-Green*, *Foman*, and *Steel Co*. requires authoritative resolution of the relationship between a court-made finality doctrine and a congressional mandate. The conflict with *Frigard* and other circuits on the amendment standard after SMJ dismissal affects every litigant in this Circuit in that posture. The pattern of non-engagement at both levels — controlling authority displaced without analysis, authenticated evidence excluded without review, six independent vacatur grounds presented and none addressed — demonstrates this question will not resolve through ordinary process.

Appellant respectfully requests vacatur of the June 11, 2026 order and remand with instructions to permit amendment under 28 U.S.C. § 1653 to assert federal question jurisdiction, or alternatively to conduct the correct conflict-of-interest analysis under D.C. Rule 1.7 for Robinson's dual representation of David Kideckel and Simovonian to address the six independent de novo grounds presented in the vacatur motion, none addressed on the merits.

This proceeding reached the Court on summary track. Summary track does not require engagement with every argument — but it does not substitute for the statutory framework Congress enacted. 28 U.S.C. § 1653 authorizes amendment of defective jurisdictional allegations in appellate courts; *Newman-Green* authorizes courts of appeals to permit that amendment directly. The June 11

order bypassed both — explicitly, through the word "Accordingly" — without addressing either. This petition requests what the record has not yet received: application of the correct standard to the evidence and law presented.

Respectfully submitted,

Brent R. Kideckel

Appellant, Pro Se

P.O. Box 20901 | Floral Park, NY 11002

brentkideckel@gmail.com | (917) 634-0637

Dated: June 16, 2026

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Pursuant to Federal Rule of Appellate Procedure 40(d)(3) and Federal Rule of Appellate Procedure 32(a)(7)(B), I certify that this Petition for Panel Rehearing and Rehearing En Banc contains 3,900 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f) (cover page, table of contents, table of citations, addenda, and certificates). This petition therefore complies with the 3,900-word type-volume limitation applicable to petitions for rehearing. This filing complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

Brent R. Kideckel

Appellant, Pro Se

P.O. Box 20901 | Floral Park, NY 11002

brentkideckel@gmail.com

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I electronically filed the foregoing Petition for Panel Rehearing and Rehearing En Banc with the Clerk of the United States Court of Appeals for the District of Columbia Circuit via the appellate CM/ECF system. All registered participants will be served by CM/ECF. Counsel of record:

**George B. Breen** and **Elizabeth A. Harris**, Epstein, Becker & Green, P.C., 1227 25th Street N.W. Suite 700, Washington D.C. 20037 — GBreen@ebglaw.com; EHarris@ebglaw.com — *Counsel for Appellee Aram Simovonian*

**Elizabeth M. Velez** and **Annika B. Conrad**, Lewis Baach Kaufmann Middlemiss PLLC, 1050 K Street N.W. Suite 1400, Washington D.C. 20001 — Elizabeth.Velez@lbkmlaw.com; Annika.Conrad@lbkmlaw.com — *Counsel for Appellees David Kideckel and Dahlia Saibil*

**Joshua Glasgow**, Phillips Lytle LLP, One Canalside 125 Main Street, Buffalo NY 14203 — JGlasgow@phillipslytle.com — *Counsel for Appellees City of Toronto and Detective David Wilson*

Brent R. Kideckel

Appellant, Pro Se

Dated: June 16, 2026

# ADDENDUM A

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1)(A), Appellant certifies as follows:

**Parties and Amici Curiae.** The following parties appeared in the district court and in this Court:

**Appellant:** Brent Kideckel, pro se.

**Appellees:** David Kideckel; Dahlia Saibil; Aram Simovonian; City of Toronto; Detective David Wilson.

No amici curiae appeared.

**Ruling Under Review.** Per curiam order, No. 26-7006 (D.C. Cir. June 11, 2026) (Millett, Wilkins, and Katsas, Circuit Judges), affirming D.D.C. No. 1:24-cv-02907-CJN (Nichols, J.).

**Related Cases.** The following related cases are currently pending in other federal and foreign courts: Supreme Court of Canada, File No. 42320, *Kideckel v. Kideckel* (leave application pending); Ontario Court of Appeal, No. COA-25-CV-1156 / M56671 (panel motion adjourned pending SCC resolution).

## RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1:

Appellant Brent Kideckel is a natural person. He has no parent corporation and no publicly held corporation owns 10% or more of any interest. No corporate disclosure is required under FRAP 26.1 or Circuit Rule 26.1.

All Appellees are natural persons or governmental entities. No Appellee is a nongovernmental corporation subject to FRAP 26.1 or Circuit Rule 26.1.

Brent R. Kideckel

Appellant, Pro Se

Dated: June 16, 2026

# ADDENDUM B

---

Per Curiam Order

*Laatiris v. Banque Centrale Populaire et al.*

No. 25-7184, Doc. #2167370
United States Court of Appeals for the D.C. Circuit
April 7, 2026

Wilkins, Katsas, and Rao, Circuit Judges

---

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 25-7184** **September Term, 2025**

**1:24-cv-03240-JDB**

**Filed On: April 7, 2026**

Adam Laatiris,

Appellant

v.

Banque Centrale Populaire and Mohammed Ali Idrissi,

Appellees

**BEFORE:** Wilkins, Katsas, and Rao, Circuit Judges

**O R D E R**

Upon consideration of the motion for summary affirmance filed by Banque Centrale Populaire, the response thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted, and, on the court's own motion, that the orders of the district court be summarily affirmed as to the remaining appellee. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has forfeited any challenge to the district court's dismissal of his retaliation, fraud, and breach of fiduciary duty claims, and denial of his first motion for leave to amend the complaint, by failing to address those decisions on appeal. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

The district court correctly concluded that appellant failed to state a plausible discrimination or hostile work environment claim under the D.C. Human Rights Act, D.C. Code § 2-1402.11, because appellant did not allege discrimination based on any protected characteristic or that he was subject to a hostile work environment based on any protected characteristic. See Chambers v. District of Columbia, 35 F.4th 870, 878 (D.C. Cir. 2022) (en banc) (explaining that a plaintiff must plead "sufficient factual matter to state a discrimination claim that is plausible on its face" (quotations omitted)).

In addition, the district court properly denied appellant's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and for leave to file a proposed amended complaint. See Firestone v. Firestone, 76 F.3d 1205, 1208-09

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 25-7184** **September Term, 2025**

(D.C. Cir. 1996). Appellant sought to amend his complaint after the district court dismissed it with prejudice and was therefore required to "first satisfy Rule 59(e)'s more stringent standard." Id. at 1208. A Rule 59(e) motion in this situation should be granted if the dismissal of the complaint with prejudice was erroneous; that is, the motion "should be granted unless the allegation of other facts consistent with the [complaint] could not possibly cure the deficienc[ies]" in the complaint. Brink v. Continental Ins. Co., 787 F.3d 1120, 1128 (D.C. Cir. 2015) (quotation omitted).

In this case, the district court correctly determined that appellant could not plead any set of facts consistent with the allegations in his complaint—which attributed the adverse employment actions taken against him to his supervisor's jealousy—that would create a plausible discrimination or hostile work environment claim. See id. And appellant has failed to show that the district court otherwise erred in denying his Rule 59(e) motion, which was based on arguments and allegations "that could have been raised prior to the entry of judgment" and that, therefore, could not serve as a basis for relief under Rule 59(e). GSS Grp. Ltd. v. Nat'l Port Auth., 680 F.3d 805, 812 (D.C. Cir. 2012) (quotation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# ADDENDUM C

## Record Verification Table

June 11 Order findings vs. district court record. Based on Doc. #2163625 predicate chart.

| June 11 Order Finding | District Court Record That Directly Contradicts It | Docket Location |
|---|---|---|
| **"First time on appeal" — RICO claim not raised below** | ECF 69 (pre-dismissal) is captioned "Civil Conspiracy–RICO" on the DDC docket. FAC contained four explicit RICO counts. Appellees' own circuit brief acknowledged the label. ECF 157 (sanctions order) also references RICO. Forfeiture doctrine governs merits arguments withheld from the district court — not statutory § 1653 amendment requests. | ECF 69 (DDC) FAC ¶¶ 5, 7, Counts I–IV Doc. #2162796 (Appellees' brief) ECF 157 at 3 |
| **Wilson "independent failures" forfeited — not raised below** | Ground One (80km warrant scope) was raised and argued in MTD briefing. Appellees challenged only the 80km ground as first-raised; the June 11 order applied forfeiture to all three without basis. Ground Two (ultra vires predicate) is the central thesis. Ground Three: ECF 153 (Ontario transcript motion) filed pre-dismissal — mooted with dismissal without examination. | Original Complaint ECF 153 (mooted) Doc. #2162796 fn.1 (only 80km challenged) |
| **DQ denied — no conflict shown (ECF 145 at 6–7)** | ECF 145 at 6 analyzed David Kideckel and Dahlia Saibil — a married couple against whom no conflict was alleged. The conflict presented was Robinson's simultaneous representation of David Kideckel (judgment beneficiary) and Aram Simovonian (fraud affiant). That conflict was never analyzed. EBG's March 9 misrepresentation was conceded April 1, both in circuit record. | ECF 145 at 6 Doc. #2162796 at 17–18 Doc. #2166655 at 6 |
| **Claims not colorable — frivolousness finding / sanctions** | ECF 152-1: Google Takeout server-side records (authenticated, Oct. 30, 2025) show no delivery event May 27, 2024 — the date Simovonian swore service occurred. No opposing party filed competing sworn evidence at any level (DDC, D.C. Circuit, Ontario, SCC). ECF 145 at 7: "The Court has no idea whether these were falsehoods." Sanctioning the identification of authenticated uncontested fraud is not a Rule 11 objective inquiry. | ECF 152-1 ECF 145 at 7 (court's own uncertainty) No rebuttal anywhere |

| June 11 Order Finding | District Court Record That Directly Contradicts It | Docket Location |
|---|---|---|
| **SPEECH Act futile; transcript "not relevant to disposition"** | Ontario judgment ¶41 imposes a permanent injunction (prior restraint, § 4102(a)(2)). Akazaki reasons (2025 ONSC 4338) ¶¶5, 8, 9, 26 say motion "abandoned" — certified transcript pp. 2, 14, 86 show it was argued and reserved. Transcript p. 18: Appellant stated he did not know he could challenge the affiant — the due process deficiency §4102(a)(2) addresses. Futility found on a record from which the transcript was excluded at both levels. | 2025 ONSC 4338 ¶¶5,8,9,26 Transcript (pp. 2, 14, 18, 86) |

# ADDENDUM D

---

Per Curiam Order

*Kideckel v. Foreign Nation of Canada et al.*

No. 26-7006, Doc. #2178281
United States Court of Appeals for the D.C. Circuit
June 11, 2026

Millett, Wilkins, and Katsas, Circuit Judges

---

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-7006** **September Term, 2025**

**1:24-cv-02907-CJN**

**Filed On:** June 11, 2026

Brent Kideckel,

Appellant

v.

Foreign Nation of Canada, et al.,

Appellees

**BEFORE:** Millett, Wilkins, and Katsas, Circuit Judges

**O R D E R**

Upon consideration of the motion to remand, which includes a request for judicial reassignment, the response thereto, and the reply, which includes a request for judicial notice; the motion to supplement the record, the response thereto, and the reply; the motion for an order to show cause, the response thereto, and the reply; the motion for summary reversal, which includes a request for judicial reassignment, the response thereto, and the reply; and the motion for summary affirmance, the response thereto, and the reply, it is

**ORDERED** that the motions to remand, to supplement the record, and for an order to show cause be denied. Appellant has not shown a valid basis for this court to order the relief he seeks or that the materials he seeks to include in the record before this court relate to the orders challenged in this appeal. Insofar as appellant asks this court to take judicial notice of certain court records, he fails to show that the records are relevant to the disposition of this appeal. See Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009). And, insofar as appellant requests that this court order sanctions, disqualification, and criminal referrals, he fails to show that any such relief is warranted. It is

**FURTHER ORDERED**, on the court's own motion, that the appeal be dismissed without prejudice to the extent that appellant seeks review of the portion of the district court's order entered January 16, 2026, sanctioning him under Federal Rule of Civil Procedure 11. Because the district court has not yet determined the amount of attorneys' fees to be awarded, the order imposing sanctions is not final or appealable, and this court therefore lacks jurisdiction over that portion of the appeal. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1118 (D.C. Cir. 2000); Gilda Marx, Inc. v.

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 26-7006** **September Term, 2025**

Wildwood Exercise, Inc., 85 F.3d 675, 677 (D.C. Cir. 1996). The court further declines to exercise its pendent appellate jurisdiction to review the order imposing sanctions at this time. See Gilda Marx, 85 F.3d at 678-79. It is

**FURTHER ORDERED** that, as to the district court's order entered August 12, 2025, and the remainder of the order entered January 16, 2026, the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly concluded that appellant's claims against the City of Toronto are barred by foreign sovereign immunity, see 28 U.S.C. §§ 1603(a), 1604; Schubarth v. Fed. Republic of Germany, 891 F.3d 392, 398 (D.C. Cir. 2018), and that his claims against appellee Wilson are barred by foreign-official immunity, see Lewis v. Mutond, 918 F.3d 142, 145-46 (D.C. Cir. 2019). Appellant contends that certain "independent failures strip Wilson of immunity," but he has forfeited this argument by failing to raise it in the district court. See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (citation and internal marks omitted)); Scenic Am., Inc. v. U.S. Dep't of Transp., 836 F.3d 42, 53 n.4 (D.C. Cir. 2016) (noting that party can forfeit claim that court possesses jurisdiction).

As to appellant's remaining claims, the district court correctly concluded that it lacked federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332(a); D.C. Ass'n of Chartered Pub. Schs. v. District of Columbia, 930 F.3d 487, 491 (D.C. Cir. 2019) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted." (citation omitted)); Saadeh v. Farouki, 107 F.3d 52, 58 (D.C. Cir. 1997) (explaining that under the "longstanding rule of complete diversity," the judicial power of the United States does not extend to actions "brought by one alien against another alien, without a citizen of a state on either side of the litigation"). Appellant suggests, for the first time on appeal, that the complaint impliedly stated a RICO claim, but he has forfeited this argument by not raising it in the district court. See Keepseagle, 856 F.3d at 1053; Scenic Am., 836 F.3d at 53 n.4. Appellant also contends that the district court erred by failing to rule on his motion for leave to file a supplemental complaint before dismissing the case, but he has not shown that his proposed supplemental complaint would have established a basis for jurisdiction. See 28 U.S.C. § 2111 (providing that appellate courts must disregard "errors or defects which do not affect the substantial rights of the parties"). Nor has appellant shown that the district court erred by not considering issues or transcripts pertaining to Ontario court proceedings.

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 26-7006** **September Term, 2025**

The district court did not abuse its discretion in denying appellant's motion to alter or amend judgment. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Accordingly, this court need not consider whether the district court properly denied appellant leave to file an amended complaint. See id. In any event, the district court did not err in concluding that appellant's proposed amended complaint was futile. See Williams v. Lew, 819 F.3d 466, 471 (D.C. Cir. 2016) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." (citation omitted)).

Finally, the district court did not abuse its discretion in denying appellant's motions for sanctions and disqualification and motion for relief from those denials. See United States v. Wallace, 964 F.2d 1214, 1217 (D.C. Cir. 1992) (reviewing decision to impose sanctions for abuse of discretion); Hall v. Clinton, 285 F.3d 74, 79 (D.C. Cir. 2002) (reviewing denial of motion to disqualify counsel for abuse of discretion); Firestone, 76 F.3d at 1208. It is

**FURTHER ORDERED** that the requests for judicial reassignment on remand be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**