**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

BRENT KIDECKEL,
Plaintiff-Appellant,

v.

FOREIGN NATION OF CANADA, et al.,
Defendants-Appellees.

---

No. 26-7006

*On Appeal from the United States District Court*
*for the District of Columbia*
*No. 1:24-cv-02907-CJN*

---

**APPELLANT'S MOTION TO PUBLISH**
**THE PER CURIAM ORDER OF JUNE 11, 2026**
[Conditional Alternative Relief]

---

Brent Kideckel
Appellant, Self-Represented
July 2, 2026

Pursuant to Circuit Rule 36, Appellant Brent Kideckel respectfully moves this Court to publish its per curiam order of June 11, 2026 ("the Order"). This motion is filed to preserve the 30-day window under Circuit Rule 36 and is submitted as conditional alternative relief in the event the

pending petition for panel rehearing and rehearing en banc (Doc. #2179148, June 16, 2026) is denied.

**I. THE ORDER RESOLVES A RECURRING QUESTION OF LAW WARRANTING PUBLICATION.**

1. The Order applies *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996), to affirm denial of leave to amend under 28 U.S.C. § 1653 following a without-prejudice dismissal for lack of subject-matter jurisdiction. The proper application of *Firestone* in this procedural posture — specifically, whether its heightened post-judgment standard applies to bar § 1653 amendment following a without-prejudice jurisdictional dismissal — is a recurring question that parties and district courts in this Circuit require guidance to resolve.

2. The Fifth Circuit holds that § 1653 amendment to cure jurisdictional defects must be freely permitted following non-merits dismissals. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). The Ninth Circuit applies a similar permissive standard. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). The Order applies *Firestone* to a without-prejudice subject-matter jurisdiction dismissal without addressing the with-prejudice condition stated in this Court's prior decision in *Adam Laatiris v. Banque Centrale Populaire et al.*, No. 25-7184 (D.C. Cir. Apr. 7, 2026). This unresolved tension between the Order's application of *Firestone* and the holdings of the Fifth and Ninth Circuits on the scope of § 1653 in the post-dismissal amendment context is a question that warrants published resolution.

3. Publication serves the development of circuit law and permits district courts, litigants, and practitioners to understand when *Firestone*'s heightened standard applies and when §

1653's congressional remedy governs. An unpublished disposition resolving this question deprives the bar of the guidance the question warrants.

## II. CIRCUIT RULE 36 STANDARDS ARE SATISFIED.

4. Circuit Rule 36 authorizes publication where a disposition "resolves an issue of general importance," "establishes, alters, modifies, clarifies, or explains a rule of law," or "involves a legal or factual issue of unique interest or substantial public importance." The Order satisfies each criterion. It applies a heightened amendment standard to a without-prejudice jurisdictional dismissal — a procedural posture that recurs frequently in this Circuit — in a manner not previously addressed in published form. Publication would clarify the boundary between *Firestone*'s post-judgment standard and § 1653's congressional remedy for jurisdictional defects, a question of general importance to federal civil practice.

5. The Court should stand behind the Order as binding precedent if it correctly states the applicable standard. If the Order applies *Firestone* where *Firestone* does not apply, publication surfaces that question for certiorari review rather than permitting an erroneous standard to operate through an unpublished disposition. Publication advances the integrity of the law in either event.

## III. ALTERNATIVE RELIEF.

6. This motion is submitted as alternative relief in the event the pending petition for rehearing is denied. If the petition is granted and the Order is vacated or amended, this motion is moot. Appellant does not seek publication of an order that will be corrected. Appellant seeks publication of the Order as written if it is to stand, so that its meaning for this Circuit's law is transparent and subject to review.

**CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that this Court publish its per curiam order of June 11, 2026, in the event the pending petition for panel rehearing and rehearing en banc is denied.

Respectfully submitted,



Brent Kideckel
Dated: July 2, 2026
Appellant, Self-Represented
P.O. Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and D.C. Circuit Rule 32(a)(2), I certify that this motion complies with the type-volume limitation because it contains fewer than 5,200 words, excluding parts exempted by Fed. R. App. P. 32(f), and complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in Times New Roman, 12-point proportionally spaced font.

________________________________

Brent Kideckel
Dated: July 2, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I caused the foregoing Appellant's Motion to Publish the Per Curiam Order of June 11, 2026 to be filed electronically through the Court's CM/ECF system. All participants in the case are registered CM/ECF users and service was accomplished through CM/ECF. Notice of electronic filing was transmitted to the following counsel of record:

**George B. Breen and Elizabeth A. Harris**
Epstein Becker & Green, P.C.
1227 25th Street NW, Suite 700
Washington, DC 20037
GBreen@ebglaw.com; EHarris@ebglaw.com
Counsel for Defendant-Appellee Aram Simovonian

**Elizabeth M. Velez and Annika B. Conrad**
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street NW, Suite 400
Washington, DC 20001

Elizabeth.Velez@lbkmlaw.com; Annika.Conrad@lbkmlaw.com
Counsel for Defendants-Appellees David Kideckel and Dahlia Saibil

**Joshua S. Glasgow**
Phillips Lytle LLP
One Canalside, 125 Main Street
Buffalo, NY 14203
jglasgow@phillipslytle.com
Counsel for Defendants-Appellees City of Toronto Canada and Detective David J.N. Wilson

______________________________
Brent Kideckel
Dated: July 2, 2026