ORAL ARGUMENT NOT REQUESTED

No. 26-7006

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRENT KIDECKEL.,
APPELLANT,

V.

FOREIGN NATION OF CANADA, *et al.*,
APPELLEES.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**APPELLEES' JOINT RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO PUBLISH THE PER CURIAM ORDER OF JUNE 11, 2026**

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rules 27 and 36, Appellees Aram Simovonian ("Mr. Simovonian"), David Kideckel ("D. Kideckel"), Dahlia Saibil ("Ms. Saibil"), and the City of Toronto and David J. N. Wilson (separately, "Toronto" and "Detective Wilson"; collectively, the "Toronto Defendants") jointly oppose the Motion to Publish the Per Curiam Order of June 11, 2026 of Appellant Brent Kideckel ("Plaintiff"[1]) (Dkt. 2181523) ("Motion").

[1] To avoid confusion, Appellant Brent Kideckel will be referred to as "Plaintiff" and Appellee David Kideckel will be referred to as "D. Kideckel."

Plaintiff has not demonstrated that the June 11, 2026 Per Curiam Order (the "Order") meets the publication criteria set forth in D.C. Circuit Rule 36(c), and his Motion should be denied.

**ARGUMENT**

D.C. Circuit Rule 36(c) provides that "[a]n opinion, memorandum, or other statement explaining the basis for the court's action in issuing an order or judgment will be published if it meets one or more of" seven criteria. D.C. Cir. R. 36(c)(2)(A)-(G); *see also* D.C. Cir. Handbook of Practice and Internal Procedures § XII(A) (December 4, 2025). However, "[t]he court may…dispense with published opinions where the issues occasion no need therefore, and confine its action to such abbreviated disposition as it may deem appropriate" such as "a judgment of affirmance…accompanied by a brief memorandum." D.C. Cir. R. 36(d). Although any party may file a motion to publish pursuant to D.C. Circuit Rule 36(f) based on one or more of the criteria set forth in Rule 36(c)(2), such motions "are not favored and will be granted only for compelling reasons." D.C. Cir. R. 36(f). No such compelling reasons exist here.

In his Motion, Plaintiff argues that publication is warranted because the Order satisfies multiple criteria but, in doing so, misquotes Rule 36.[2] The basis for his

---

[2] Plaintiff argues that "Circuit Rule 36 authorizes publication where a disposition "resolves an issue of general importance," "establishes, alters, modifies, clarifies, or explains a rule of law," or "involves a legal or factual issue of unique interest or

argument is that an "unresolved tension" exists between "the Order's application of [*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996)]" and other Circuits' treatment of 28 U.S.C. § 1653. Pltf.'s Mot. at 2. His argument appears to hinge on the fact that *Firestone* considered whether the district court's dismissal of the complaint ***with prejudice*** was an abuse of discretion while the district court here dismissed his complaint ***without prejudice***. However, this Court correctly applied *Firestone*, the application of which does not depend on whether the lower court's dismissal was with prejudice. Further, the Fifth and Ninth Circuit cases cited by Plaintiff are unrelated to, and distinguishable from, both this case and *Firestone* and do not create "a recurring question of law warranting publication." *Id*.

In *Firestone*, which does not concern or mention Section 1653, this Court considered whether the district court appropriately denied the appellants' combined Federal Rule of Civil Procedure 59(e) motion to vacate the complaint's dismissal on statute of limitation grounds and Federal Rule of Civil Procedure 15(a) motion for leave to amend the complaint. *Firestone*, 76 F.3d at 1207. In reversing the lower court's order, the Court explained that a two-step analysis applies when deciding whether the lower court abused its discretion in denying a combined Rule 59(e) motion to vacate and a Rule 15(a) motion for leave to amend. ***First***, the Court has to

---

substantial public importance." Pltf.'s Mot. at 3. However, none of this quoted language appears in the text of Rule 36. *Compare id*., *with* D.C. Cir. R. 36(c)(2)(A)-(G).

"determine whether the district court abused its discretion in failing to vacate the original dismissal" because "Rule 15(a)'s liberal standard for granting leave to amend governs once the court has vacated the judgment." *Id*. at 1208. ***Second***, if the district court did abuse its discretion in denying the Rule 59(e) motion, the Court could consider whether the district court also abused its discretion in denying leave to amend. *Id*. Contrary to Plaintiff's argument, the application of the two-step analysis in *Firestone* did not and does not turn on whether the lower court dismissed the complaint with prejudice. In other words, the fact that the district court here dismissed Plaintiff's complaint without prejudice does not change the fact that *Firestone*'s two-step analysis applies to this Court's consideration of his combined Rule 59(e) and Rule 15(a) motion.

Here, the Court correctly determined that the district court did not abuse its discretion by denying Plaintiff's Rule 59(e) motion. *See* Order at 3. As *Firestone* holds, because the dismissal was appropriate, the Court did not need to reach the second part of the analysis and determine whether the district court correctly denied Plaintiff leave to amend his complaint. *See id*. (citing *Firestone*, 76 F.3d at 1208). However, the Court went a step further in affirming the district court's dismissal by concluding that, even setting aside the appropriately denied Rule 59(e) motion, the district court did not err by denying Plaintiff's Rule 15(a) motion on futility grounds. *Id*. Notably, *Firestone* also held that futility of the amendment is a sufficient reason

to deny leave to amend. *Firestone*, 76 F.3d at 1208 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Contrary to Plaintiff's argument, nothing in the Court's Order misapplies *Firestone*.

Of the two additional cases cited by Plaintiff—*Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000) and *Frigard v. U.S.*, 862 F.2d 201 (9th Cir. 1988)—only *Whitmire* concerns Section 1653, and neither case in any way conflicts with *Firestone* or applies to the facts at issue here.

*Whitmire*, which did not involve a combined Rule 59(e) and Rule 15(a) motion, concerned the application of Section 1653 when the facts supporting jurisdiction (i.e., diversity of citizenship) were present at inception of the case but not alleged. *Whitmire*, 212 F.3d at 886, 887. The court held that when subject matter jurisdiction exists at the time the plaintiff files suit, she should be granted leave to amend the complaint under Section 1653. *Id.* at 888. Far from supporting any of Plaintiff's arguments, *Whitmire* makes clear that Section 1653 cannot be used "to retroactively create subject matter jurisdiction," and "courts have rejected attempts to add new claims to satisfy" jurisdictional requirements, which Plaintiff attempts to do here. *Id.* at 888, 890 (citations omitted).

*Frigard* similarly did not involve a combined Rule 59(e) and Rule 15(a) motion, nor did it involve Section 1653. Instead, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of the complaint with prejudice, holding that

dismissal based on sovereign immunity under the Federal Tort Claims Act ("FTCA") serves as an absolute bar and the plaintiffs could not "redraft their claims to avoid the exceptions to the FTCA." *Frigard*, 862 F.2d at 204.

Therefore, the purported "unresolved tension" that Plaintiff cites as the basis for his Motion does not exist, and none of the Rule 36 criteria are satisfied. The Order, which summarily affirmed the district court's order, appropriately noted it would not be published. *See* Order at 3.

## CONCLUSION

Based on the foregoing, Appellees request that the Court deny Plaintiff's Motion.

Dated: July 13, 2026

Respectfully submitted,

*/s/ George B. Breen*
George B. Breen
Elizabeth A. Harris
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
EHarris@ebglaw.com

*Attorneys for Appellee Aram Simovonian*

*/s/ Elizabeth M. Velez (with consent)*
Elizabeth M. Velez
Annika B. Conrad

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com
Annika.Conrad@lbkmlaw.com

*Attorneys for Appellees David Kideckel and Dahlia Saibil*

*/s/ Joshua Glasgow (with consent)*

Joshua Glasgow
PHILLIPS LYTLE LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
Telephone: (202) 617-2712
Facsimile: (202) 617-2799
NMarte@phillipslytle.com

*Attorney for Appellees The City of Toronto and David Wilson*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and D.C. Circuit Rule 27 because it contains 1,185 words (excluding items excepted under Federal Rule of Appellate Procedure 32(f)) according to the count of Microsoft Word and is printed in Times New Roman 14-point font.

*/s/ George B. Breen*
George B. Breen
*Attorney for Appellee Aram Simovonian*