**ORAL ARGUMENT NOT REQUESTED**

---

No. 26-7006

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

BRENT KIDECKEL,
Appellant,
v.
FOREIGN NATION OF CANADA, et al.,
Appellees.

---

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

**APPELLANT'S REPLY IN SUPPORT OF HIS**
**MOTION TO PUBLISH THE PER CURIAM ORDER OF JUNE 11, 2026**

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Appellant Brent Kideckel respectfully submits this reply in support of his Motion to Publish (Dkt. 2181523). Appellees' joint Response (Dkt. 2183086) does not refute the basis for publication. It demonstrates it.

## I. THE RESPONSE NEVER MENTIONS LAATIRIS

The Motion rests on the tension between the June 11, 2026 Order and this Court's April 7, 2026 order in *Laatiris v. Banque Centrale Populaire*, No. 25-7184 (D.C. Cir. Apr. 7, 2026) (per curiam), appended to Appellant's petition for rehearing and appended here as Addendum A. The Response — filed jointly by three law firms — does not cite, quote, distinguish, or acknowledge *Laatiris*. Not once. Appellees instead recharacterize the Motion as asserting only an inter-circuit tension with Fifth and Ninth Circuit authority, and answer that version of the Motion at length. Resp. at

3–6. The authority Appellees could not answer is the one they omitted: this Court's own output, issued ten weeks before the Order, applying the same *Firestone* framework with an express with-prejudice predicate.

## II. THE RESPONSE DEEPENS THE VERY CONFLICT THE MOTION IDENTIFIED

Rather than distinguish *Laatiris*, the Response contradicts it. Appellees assert: "the application of the two-step analysis in *Firestone* did not and does not turn on whether the lower court dismissed the complaint with prejudice." Resp. at 4. This Court, in *Laatiris*, held the opposite: the appellant there "sought to amend his complaint after the district court dismissed it *with prejudice* and was *therefore* required to 'first satisfy Rule 59(e)'s more stringent standard.'" Add. A at 2 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)) (emphases added). "Therefore" is a causal connector. The with-prejudice dismissal was the stated reason Rule 59(e)'s heightened standard governed.

Nor does *Firestone* itself support Appellees' assertion. *Firestone* was a with-prejudice case: the district court there "dismissed the complaint with prejudice," 76 F.3d at 1207, and the decision's Rule 59(e) gatekeeping logic exists precisely because a judgment of dismissal with prejudice forecloses amendment unless first vacated. Appellees thus advance a reading of *Firestone* — that its heightened standard applies irrespective of prejudice — that is contrary to this Court's April 7 articulation and unsupported by *Firestone*'s own facts. Notably, the Response itself acknowledges that the district court "dismissed his complaint **without prejudice**." Resp. at 3 (boldface in original). Appellees set both "with prejudice" and "without prejudice" in boldface — typographically emphasizing the very distinction that their next sentence, pivoting on "However," declares immaterial. The emphasis was warranted; the pivot, which cites no authority for that proposition, was not. On this

Court's April 7 articulation, the acknowledgment is the end of the analysis: the with-prejudice predicate that triggered Rule 59(e)'s heightened standard in *Laatiris* is, by Appellees' own account, absent here.

Appellees' fallback — that the Order "went a step further" and affirmed in the alternative on futility grounds, Resp. at 4 — deepens the problem rather than curing it. Futility is a merits determination about the proposed claims; on Appellees' own account, the district court lacked subject-matter jurisdiction over the complaint from the outset. A merits adjudication rendered by a court said to lack jurisdiction is precisely the sequencing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998), forbids. That the affirmance required an alternative holding — one resting on a merits analysis its own jurisdictional holding forecloses — underscores that the *Firestone* ground could not carry the disposition alone.

This is the point of the Motion, now made by Appellees themselves: parties before this Court read the unpublished June 11 Order as establishing that *Firestone*'s heightened standard applies without regard to prejudice — the precise proposition on which the Order and *Laatiris* cannot both be correct. Whichever reading is right, the question is recurring, outcome-determinative for post-dismissal amendment practice, and is already generating conflicting representations to this Court within a single Term. That is what publication exists to resolve. D.C. Cir. R. 36(c)(2). Nor is the question newly minted. Ground I of Appellant's motion for summary vacatur presented the § 1653 question — a question of law. It was Appellees who introduced *Firestone* into this appeal, through their cross-motion for summary affirmance, answering a de novo legal challenge with an abuse-of-discretion framework. The Response is thus Appellees' first defense of that framework's applicability to a without-prejudice dismissal, and it contradicts this Court's April 7 order.

## III. THE RESPONSE ANSWERS THE WRONG QUESTION — AND DESCRIBES THE CONFLICT IT DENIES

Section 1653 is a statute: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; see *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830–32 (1989). *Firestone* is a circuit framework for reviewing Rule 59(e) motions — one that, as Appellees themselves put it, "does not concern or mention Section 1653." Resp. at 3. The Response thus defends an Order that resolved a § 1653 question under a framework Appellees concede does not concern § 1653. A federal statute authorizing amendment of defective jurisdictional allegations "in the trial or appellate courts" is not displaced by a procedural gatekeeping doctrine that never mentions it. The Motion raised the § 1653 question; the Response answers only the *Firestone* one. The standard of review confirms the point: whether the district court possessed authority to permit amendment, and whether *Firestone*'s framework governs a without-prejudice jurisdictional dismissal at all, are questions of law reviewed de novo — and "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). The deference Appellees invoke throughout their Response has no purchase on the questions the Motion presents — which are, moreover, precisely the kind of pure legal questions that published dispositions exist to settle.

The Response also describes, in its own pages, the conflict it denies. Appellees concede that *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000), holds that where subject matter jurisdiction existed when suit was filed but was defectively alleged, the plaintiff "should be granted leave to amend the complaint under Section 1653." Resp. at 5. On Appellees' own account of this Circuit's law, however, the same litigant is barred at the threshold by *Firestone*'s Rule 59(e) gate — a gate the

Fifth Circuit's rule does not impose. Identical facts, opposite outcomes, depending on the circuit: that is the definition of a question warranting published resolution. And Appellant's case sits inside *Whitmire*'s rule as Appellees state it — he sought to cure defective jurisdictional allegations and to proceed against non-immune parties, not to "retroactively create" jurisdiction that never existed. Appellees' remaining distinction — that *Whitmire* and *Frigard* did not involve a combined Rule 59(e)/15(a) motion — elevates the caption of Appellant's filing over its substance. A self-represented litigant's filing whose stated purpose was to cure jurisdictional allegations is read for that substance, whatever its caption. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

The displacement, moreover, now operates at both levels. The district court — while itself describing Appellant's motion as "[s]eeking to cure that jurisdictional defect" — held that "a plaintiff may not amend a complaint when a court has no subject matter jurisdiction over the case," citing a footnote of an unpublished district-court decision, and without citing § 1653 or *Newman-Green*. Mem. Op., ECF No. 157, at 3–4 (quoting *Adams v. Jud. Council of Sixth Cir.*, No. 17-cv-1894, 2020 WL 5409142, at *10 n.4 (D.D.C. Sept. 9, 2020)). But a complaint with defective jurisdictional allegations is § 1653's entire premise; a rule barring amendment wherever original jurisdiction is defective does not limit the statute — it nullifies it. See *Whitmire*, 212 F.3d at 887–88. The Order then affirmed through *Firestone*'s Rule 59(e) gate — a framework that, by Appellees' own description, "does not concern or mention Section 1653." Resp. at 3. Two judge-made doctrines, applied in sequence, leave the statute no field of operation in this Circuit: the litigant § 1653 exists to serve is barred below for lacking the very jurisdiction the statute presupposes, and barred above by a standard that does not address the statute. And the asymmetry compounds the problem: the district court's opinion embodying the

displacement is published and publicly available, while this Court's affirmance is not. As matters stand, the only citable word on whether § 1653 operates in this Circuit is the decision that displaced it.

## IV. THE FOOTNOTE-2 OBJECTION AND WHAT IT REVEALS

Appellees' remaining objection is that "none of this quoted language appears in the text of Rule 36." Resp. at 2–3 n.2. The Motion's formulations track the publication criteria as described in this Court's Handbook of Practice and Internal Procedures § XII(A) and paraphrase Rule 36(c)(2)(A)–(G); Appellees identify no respect in which any criterion's substance was misstated. A self-represented litigant's filings are, in any event, construed liberally for their substance. *Haines*, 404 U.S. at 520.

The objection is also a curious one for this filing to make. The solo, self-represented Appellant located, obtained, and placed before this Court its own unpublished per curiam orders. The joint Response of three law firms, by contrast, lists as counsel's contact address the email of an attorney who withdrew from this case months ago. Resp. at 7 ("NMarte@phillipslytle.com" for Attorney Glasgow); Add. B. Appellant accepts the implicit compliment regarding the relative care of the parties' papers, and respectfully suggests that the level of scrutiny Appellees applied to the Motion's paraphrase of Rule 36 might usefully have been applied to their own signature block — or to *Laatiris*, which their Response nowhere mentions.

## CONCLUSION

Judicial economy independently favors resolution now. All parties agree the dismissal was without prejudice — Appellees say so twice. Resp. at 3, 4. The claims are therefore unadjudicated and will be renewed; Appellees' own forfeiture arguments, insisting that certain claims were never properly presented in this action,

confirm as much. The Order's threshold rigor thus disposes of nothing: the merits proceed in any event. What remains behind, if the Order stands uncorrected and unpublished, is only the inconsistency — an intra-circuit tension with *Laatiris* and an inter-circuit divergence from *Whitmire* and *Frigard* — lying in wait for every future litigant who seeks to amend after a without-prejudice jurisdictional dismissal. Correction resolves the inconsistency; publication at least fixes it in citable form; leaving it unpublished guarantees only that it recurs.

A final observation. Prevailing parties ordinarily welcome publication of the orders affirming their victories. Appellees instead urge that the Order remain uncitable, and their Response does not explain why an affirmance they describe as correctly reasoned should not become precedent. Their implicit answer — that the Order merely applies settled law and is therefore unremarkable — is refuted by their own pages: the Response confirms that the June 11 Order is being read — by the parties themselves — to resolve a question of *Firestone*'s scope on which this Court's April 7 order in *Laatiris* speaks differently. The cleanest resolution lies with the pending petition for rehearing: vacatur of the summary affirmance, reassignment on remand, see 28 U.S.C. § 2106, and leave to amend under 28 U.S.C. § 1653 — the disposition that *Whitmire*'s rule, as Appellees themselves describe it, would command. Should the Court instead adhere to the Order as issued, the Motion should be granted so that the question the Order resolves is fixed in citable form for any further review.

Dated: July 14, 2026

Respectfully submitted,

**Brent Kideckel**
Appellant Pro Se
P.O. Box 20901

Floral Park, NY 11002

## CERTIFICATE OF COMPLIANCE

I certify that this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains fewer than 2,600 words (excluding items excepted under Federal Rule of Appellate Procedure 32(f)), and is printed in Times New Roman 14-point font.

Brent Kideckel

## CERTIFICATE OF SERVICE

I certify that on July 14, 2026, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will serve all counsel of record.

Brent Kideckel

# ADDENDUM A

*Laatiris v. Banque Centrale Populaire, No. 25-7184 (D.C. Cir. Apr. 7, 2026)*

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 25-7184** **September Term, 2025**

**1:24-cv-03240-JDB**

**Filed On: April 7, 2026**

Adam Laatiris,

Appellant

v.

Banque Centrale Populaire and Mohammed Ali Idrissi,

Appellees

**BEFORE:** Wilkins, Katsas, and Rao, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance filed by Banque Centrale Populaire, the response thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted, and, on the court's own motion, that the orders of the district court be summarily affirmed as to the remaining appellee. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has forfeited any challenge to the district court's dismissal of his retaliation, fraud, and breach of fiduciary duty claims, and denial of his first motion for leave to amend the complaint, by failing to address those decisions on appeal. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

The district court correctly concluded that appellant failed to state a plausible discrimination or hostile work environment claim under the D.C. Human Rights Act, D.C. Code § 2-1402.11, because appellant did not allege discrimination based on any protected characteristic or that he was subject to a hostile work environment based on any protected characteristic. See Chambers v. District of Columbia, 35 F.4th 870, 878 (D.C. Cir. 2022) (en banc) (explaining that a plaintiff must plead "sufficient factual matter to state a discrimination claim that is plausible on its face" (quotations omitted)).

In addition, the district court properly denied appellant's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and for leave to file a proposed amended complaint. See Firestone v. Firestone, 76 F.3d 1205, 1208-09

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 25-7184** **September Term, 2025**

(D.C. Cir. 1996). Appellant sought to amend his complaint after the district court dismissed it with prejudice and was therefore required to "first satisfy Rule 59(e)'s more stringent standard." Id. at 1208. A Rule 59(e) motion in this situation should be granted if the dismissal of the complaint with prejudice was erroneous; that is, the motion "should be granted unless the allegation of other facts consistent with the [complaint] could not possibly cure the deficienc[ies]" in the complaint. Brink v. Continental Ins. Co., 787 F.3d 1120, 1128 (D.C. Cir. 2015) (quotation omitted).

In this case, the district court correctly determined that appellant could not plead any set of facts consistent with the allegations in his complaint—which attributed the adverse employment actions taken against him to his supervisor's jealousy—that would create a plausible discrimination or hostile work environment claim. See id. And appellant has failed to show that the district court otherwise erred in denying his Rule 59(e) motion, which was based on arguments and allegations "that could have been raised prior to the entry of judgment" and that, therefore, could not serve as a basis for relief under Rule 59(e). GSS Grp. Ltd. v. Nat'l Port Auth., 680 F.3d 805, 812 (D.C. Cir. 2012) (quotation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# ADDENDUM B

Appellees' Response (Dkt. 2183086), Signature Page (at 7)

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com
Annika.Conrad@lbkmlaw.com

*Attorneys for Appellees David Kideckel and Dahlia Saibil*

/s/ Joshua Glasgow (with consent)
Joshua Glasgow
PHILLIPS LYTLE LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
Telephone: (202) 617-2712
Facsimile: (202) 617-2799
NMarte@phillipslytle.com

*Attorney for Appellees The City of Toronto and David Wilson*